ELIJAH LIVERMORE, Respondent, v. JAMES H. BLOOD AND GEORGE W. BLOOD, Appellants.

*Bills and Notes — Equities — Notice — Agency.* — A party acquiring a note through an agent after its maturity, takes it subject to the equities then existing between the parties; and the principal is affected with notice of all the facts made known to his agent in the transaction.

### Appeal from St. Louis Circuit Court.

The facts sufficiently appear in the opinion. The following instructions were asked by defendants and were refused by the court:

1. If the court sitting as a jury shall believe from the evidence that the witness Emery Livermore, at the time of the making of the notes sued on, was, and has since continued to be, the agent of the plaintiff in the transaction of his

(plaintiff's) business in the city of St. Louis, and that said notes were made and delivered to the firm of Livermore, Sweet & Co.; that said Emery was a member of said firm; that said notes were to be held by said firm as collaterals to secure the payment of advances which might be made by them to Mowry; that said notes were sold by said Emery to the witness Thornburgh; that said Thornburgh retained the said notes in his possession and as his property until they became due; that notice of demand, refusal to pay, and protest of said notes, was waived; that sometime after they became due they were paid by said Emery, or, as the agent of plaintiff, Emery paid them with his (plaintiff's) money; that at the time he so paid them and delivered them to plaintiff he had full knowledge of the whole transaction with which said notes were connected, and the agreement between his firm and Mowry as to the use which was to be made of said notes; that at the time he so paid the said notes he knew there was an unsettled account between the said firm of Livermore, Sweet & Co. and said Mowry growing out of the same transaction with which said notes were connected, he was guilty of a fraud upon the defendants, and the plaintiff ought to be bound by the fraudulent act of his agent in that behalf.

2. And if the court shall further find from the evidence that there is a balance due from Livermore, Sweet & Co. to Mowry, the same ought to be allowed as a counter-claim against said notes.

3. The pleadings show that plaintiff took the notes sued on subject to the equities between the original parties.

4. If the court believe from the evidence that Emery Livermore procured said notes as plaintiff's agent, then whatever knowledge said Emery may have had of the circumstances under which said notes were given and held, and of the set-offs and defences against the same of the maker, will be taken to be the knowledge of the plaintiff; and if said notes were delivered to said Emery as a member of Livermore, Sweet & Co. as collaterals to secure said firm in any advances made

or to be made by them in the purchase of castor beans for Mowry, and if said Mowry delivered to said firm castor oil, the value of which constituted an offset against the firm before said notes came into plaintiff's possession, then plaintiff can recover in this suit no more than whatever balance there may be against Mowry after deducting from the amount of advances made the value of the castor oil so delivered or sold to said firm; and if the evidence shows no such balance, then judgment should be given in favor of defendants Blood.

These instructions were all refused by the court, and judgment was given for the plaintiff.

*Woerner & Kehr*, for appellants.

Plaintiff admits in his reply that he received the notes after maturity. This, under a decision of this court in the case of Chappel v. Allen et al., 38 Mo. 213, was sufficient not only to put the plaintiff upon inquiry, but to subject the notes in his hands to all the equities and defences against them.—Bai. on Bills, 133; Sto. on Bills, § 220; Chit. on Bills, 125; Smith's Merc. L. 322. But the evidence also discloses that plaintiff came into possession of the notes through an agent and that this agent was Emery Livermore, and that Emery Livermore was plaintiff's agent during all of the time that the firm of Livermore, Sweet & Co. had the transactions with Mowry touching the notes; that most of these transactions were conducted by and with Emery Livermore as the leading member of said firm. This puts the plaintiff in the position of having had direct actual knowledge of all the circumstances connected with said notes; "for notice to the agent is considered in law notice to the principal, who is taken to know everything about a transaction that his agent in it knows"—Smith's Merc. L. 176; Willis v. Bk. of England, 4 Ad. & El. 21; Sto. on Ag. § 451, p. 562; Pal. on Ag. § 2, p. 262; Mechanics' Bk. v. Schaumburg et al., 38 Mo. 228.

*Voorhis* and *Mason*, for respondent.

Livermore v. Blood et al.

HOLMES, Judge, delivered the opinion of the court.

The defendants were sued as endorsers upon certain notes of which plaintiff claims to be the holder as a purchaser for value. There was evidence on their part tending strongly to show that the notes had been endorsed for accommodation of the maker, and delivered to the firm of Livermore, Sweet & Co., to be held by them as collateral security to cover advances to be made by them on castor oil, to be delivered to them for sale on account of the maker. There was distinct proof of this arrangement. A member of this firm was called on behalf of the defendants, and stated, on cross-examination, that the notes were not deposited as collateral security, but left with his firm to be negotiated for the purpose of raising money to be advanced by them for the use of the maker in the purchase of castor beans for his manufactory; that the firm had sold the notes before due for this purpose, and that when the notes became due, protest and notice being waived by consent of the parties, he had taken them up with money of the plaintiff, for whom he was acting as agent. So far as his firm was concerned, these statements were not necessarily inconsistent with the fact, which was admitted in writing in an account rendered by the firm, that they held these notes as collateral merely; for whether they advanced their own moneys, or the money raised by a negotiation of these notes, they are still to be considered as having advanced the money to the maker under the arrangement made. There was evidence that oil had been delivered to them for sale, in pursuance of the agreement, to an amount sufficient to cover the whole or the greater part of the sums advanced, and that no account had been rendered. This member of the firm, who was also the agent of the plaintiff in this transaction, appears to have known all the facts at the time when he took up the notes, or bought them (as he says) with money belonging to the plaintiff after they became due. In taking up the notes, he did no more than he was bound to do, as a member of the firm, under an arrangement with the maker. The notes do not appear to have been

assigned by endorsement to the plaintiff. The petition alleges only that the plaintiff became the owner. If this member of the firm, being himself insolvent, could sell these notes to the plaintiff in this manner, so as to enable him to recover against the defendants and the maker, he would clearly accomplish a fraud upon them. If he applied the money of his principal to take up notes which he was himself liable to pay as a member of the firm, with a full knowledge of all the facts, he may be reponsible to him for such a misapplication of his funds. But the principal is affected with notice of all the facts known to his agent in the transaction, and he must be considered as having taken the notes after due, subject to the equities existing between the parties and the firm of which his agent was a member—Sto. on Notes, § 178 ; Sto. on Ag. §§ 140 & 451.

We think the defence, if established, would be good against the plaintiff; and the defendants' instructions should have been given.

Judgment reversed and the cause remanded. The other judges concur.