88    37
36a   99

BANK OF COMMERCE v. HOEBER, *Appellant.*

1. **Composition Agreement**: PREFERENCE : KNOWLEDGE OF ATTORNEY, WHEN IMPUTABLE TO PRINCIPAL. An attorney of a debtor, employed to effect a composition with the latter's creditors, gave his personal promise in writing, and afterwards paid to one of the creditors a sum in excess of the amount agreed on and accepted by the other creditors. *Held* (1) That the knowledge of the attorney in the matter of giving such preference was, in law, the knowledge of the principal, and (2) that the failure of the attorney to disclose to another creditor the fact of such preference was the concealment of a material fact and invalidated the composition.

2. **Practice** : APPEAL FROM COURT OF APPEALS. In a cause appealed from a court of appeals, the judgment, if right, will be affirmed, although said court may have assigned other than the correct reasons therefor.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Broadhead & Haeussler*, *D. H. McIntyre* and *Cecil V. Scott* for appellant.

(1) The court below erred in assuming that the defendant was responsible for the unknown and unauthorized promise made by Dickson to Levy & Brother. *Laurence v. Clark*, 36 N. Y. 128; *Carroll v. Shields*, 4 E. D. Smith, 466; *Wyllie v. Potter*, 32 L. J. Ch. 782; *Jones v. Smith*, 12 L. J. Ch. 382; *Nat. Ins. Co. v. Minch*, 53 N. Y. 144; *Barnes v. Trenton, etc.*, 27 N. J. Eq. 33. (2) The principal will not be affected by notice to the agent of any facts outside of the scope of his agency. *Roach v. Kerr*, 18 Kans. 529; *Adams Express Co. v. Trego*, 35 Md. 47; *Congar v. Ry. Co.*, 24 Wis. 157; *Smith v. Water Commissioners*, 38 Conn. 208; *Wells v. Am. Exp. Co.* 44 Wis. 342; *Mound City Life Ins. Co. v. Twining*, 19 Kans. 380; *Tate v. Hopkins*, 7 Mo. 420; *Taylor v. Labaume*, 14 Mo. 572; 1 Mo. 205. (3) The contract of release was valid from the Bank of Commerce to Hoeber, unless Hoeber, either by himself, or by his authorized agent, practiced a fraud upon the bank. Hoeber did not do it himself. Neither did he do it by his authorized agent, for the act of Dickson could not be called the act of Hoeber by another, unless that other was acting for him. The act of Dickson was not for him, but against him. It was entirely outside of his authority, express or implied, therefore, not binding. It never became binding on Hoeber, because not being binding on him at the time, it could only become so by ratification. This ratification never was given. Therefore, it was no act of Hoeber, either by himself or by another. (4) Ratification can only occur where it is accompanied with a full knowledge of all the facts. 1 Pars. N. & B. 101; Story on Agency, secs. 243-324; *Nixon v. Palmer*, 8 N. Y. 398; *Whitford v. Monroe*, 17 Md. 135. (5) Fraud will not be presumed where all the facts consist as well with

honesty and fair dealing as they do with an intention to defraud. *Picot v. Bates*, 47 Mo. 392; *Rumbolds v. Parr*, 51 Mo. 592; *Dallam v. Renshaw*, 26 Mo. 533; *Ames v. Gilmore*, 59 Mo. 537; *Kitchen v. Cape Girardeau*, 59 Mo. 514; *Henderson v. Henderson*, 55 Mo. 533; Kerr on Fraud and Mistake, 384. The agent, and not the principal, is responsible to third party for positive malfeasance. *Buis v. Cook*, 60 Mo. 391. The act must be within the scope of the authority committed to the agent. Story on Agency, sec. 165.

*Albert Arnstein* for respondent.

(1) The only consideration which supports a release of the debtor from the payment in full of his liabilities, is the *bona fide* engagement of the creditors, one contracting with the other, and each with all, to give up the same *pro rata* of their respective demands. *Sage v. Valentine*, 22 Minn. 102; 1 Smith's Lead. Cas. 443; Forsyth on Composition, 104-137; Story's Eq. secs. 378-9; *Kahn v. Gamberts*, 9 Ind. 430; *Breck v. Cole*, 4. Sandf. (S. C.) 79. (2) Where a signature to a composition agreement is obtained by means of a secret promise of preference, the preference vitiates the consideration for the release by the other creditors and the composition is void. *Bastian v. Dreyer*, 7 Mo. App. 332; *Hefler v. Calin*, 73 Ill. 296; *Sage v. Valentine*, 22 Minn. 102; *Reay v. Richardson*, 2 C. M. & R. 422; *Page v. Bent*, 2 Met. 375; *Frost v. Gage*, 6 Allen, 50; *Case v. Gerrish*, 15 Pick. 50. (3) The composition having been made with a secret preference to James Levy & Brother is void, even though Hoeber was ignorant of the preference. *Holland v. Palmer*, 1 B. & P. 95; *Robson v. Caize*, 1 Doug. 228; *Solinger v. Earle*, 82 N. Y. 393. (4) The knowledge and acts of an agent acquired in a performance by him in the course of his agency affect the principal. *Harvey v. Alberry*, 12 Cent. L. J. 30; *Jeffrey v. Bigelow*, 13 Wend.

518; *Lock v. Stearns*, 1 Met. 518; *Levassee v. Washburne*, 50 Wis. 200; *Crane v. Hunter*, 28 N. Y. 389. (5) Dickson's testimony was properly admitted. "Privileged communications" extend only to what passes between the attorney and his client. What the attorney *does* with a *third person* while acting as *agent* for his client is not within the rule. *Graham v. O'Fallon*, 4 Mo. 338; *Crosby v. Berger*, 11 Paige, 377; *Bumsull v. Terry*, 51 Ga. 186; *In re Bellis*, 3 Ben. 386.

RAY, J.—In the trial court the jury found a verdict for the plaintiff, and there was judgment accordingly; from which the defendant appealed to the St. Louis court of appeals, where the judgment of the circuit court was affirmed, and the defendant again appealed to this court. The case is reported in 11 Missouri Appeal Reports, 475. The facts of the case sufficiently appear in the opinion of that court. Upon examination of that opinion, the reasoning and conclusions of that court appear to be well sustained by the authorities cited. The briefs of counsel in this court furnish no sufficient reason for a reversal, and for that reason its judgment is affirmed. All concur.

### On re-hearing.

RAY, J.—We adhere to our former ruling in this case, but for the following reasons, that is to say : We affirm the action of the court of appeals, including that of the trial court, upon the distinct ground, as shown by the record in the cause, that the witness, Dickson, was the attorney and agent of defendant in procuring the signatures of said Levy & Brother, and the said plaintiff, as well as others, to the said composition agreement, which is as follows: " We, the undersigned creditors of Gustave Hoeber, of St. Louis, Missouri, do hereby agree and accept in full payment by and satisfaction of all his indebtedness to us and each of us, thirty-five cents on a

dollar of the same, payment thereof to be made in cash upon acceptance of this offer by all his creditors." And that while said attorney was in the prosecution of his said agency, he procured the signature of the said Levy & Brother to said agreement, by giving them his individual promise or obligation in writing, duly signed by him, to-wit: "In consideration of Levy & Brother signing a paper for a settlement by G. Hoeber with his creditors, I here agree and bind myself to pay to James Levy & Brother, of Cincinnati, Ohio, the sum of $1.513,50, for their claims against G. Hoeber, upon the condition that G. Hoeber effects a settlement with his creditors at the offer he has made them of thirty-five cents on the dollar, it being understood between said Levy & Brother and me, that if such settlement is not made, this agreement shall be void."

In explanation of this agreement Dickson in his testimony added that, "$1,513.50 was fifty per cent. of their claim. Thirty-five per cent. of it was to be paid in the regular settlement, and they were instructed to draw upon him for the additional fifteen per cent. at sight " (which, we may add, the record shows was done and paid after the said composition agreement was fully perfected and executed), and that, thereafter, said Dickson, in the further prosecution of his said agency, presented said composition agreement to the plaintiff with the said signature of said Levy & Brother thereto affixed; and procured its signature thereto without disclosing to plaintiff how the said signature of said Levy & Brother had been obtained.

It is, however, earnestly insisted that the the question of Dickson's agency is eliminated from the case. But we disagree with this view of the case and for the following reasons: It is not disputed, as before stated, that Mr. Dickson was employed by defendant to effect the said composition agreement with all his creditors, at thirty-five cents on the dollar, and that, when he called

on Levy & Brother, in that behalf and for that purpose, they declined to accept thirty-five cents, but demanded fifty cents in settlement of their claims. It is conceded that Dickson thereupon notified Levy & Brother, that he had no authority, directly or indirectly, to offer or pay more than thirty-five per cent.; whereupon Levy & Brother replied that settles or ends it, and the negotiations for the time being ceased. It is not disputed, however, that Dickson becoming 'satisfied that Levy & Brother would not settle for less than fifty per cent. afterwards returned and procured their signature by giving them his individual promise, or undertaking as hereinbefore set out; and that said Dickson as before stated, in the further prosecution of his said agency, in the interest of said defendant, procured the signature of the plaintiff to the composition agreement without disclosing that fact, and that the plaintiff signed the settlement at thirty-five cents on the dollar, and in entire ignorance of the fact that Levy & Brother had or were to receive said additional sum, and under the belief that all the creditors, whose names were affixed, including said Levy & Brother, were also receiving the sum of thirty-five cents on the dollar and no more. The instruction for plaintiff submits to the jury whether Dickson was acting as the attorney of defendant, in making the composition agreement, and whether after procuring the signature of Levy & Brother to the composition, he procured the signature of plaintiff without informing plaintiff of the agreement with Levy & Brother. The evidence offered by defendant and excluded by the court was intended to show that in point of fact defendant had no actual knowledge of Dickson's agreement with Levy & Brother, until after he had completed his compromise, and paid the stipulation composition, and that he never authorized or ratified the preference given to Levy & Brother, and that he repudiated the agreement of Dickson to pay the

fifteen per cent. additional, and refused to pay the same, directly or indirecty, and that he had acted fairly throughout the entire transaction.

The agreement of Dickson to give Levy & Brother a preference of fifteen per cent. was, however, connected with and grew out of the subject-matter of the composition which Dickson was employed by defendant to effect, and whether known to defendant or not was immaterial. The defendant intrusted Dickson with the duty and employment of making the settlement with the plaintiff. The preference given by Dickson to Levy & Brother, and his knowledge thereof, to him in the course of this transaction and while engaged in making the settlement in defendant's behalf, and the law charges the defendant with knowledge thereof, and in such circumstances renders it obligatory upon him, in favor of the party misled thereby. Story on Agency, section 140, and authorities cited in note 1; *Ibid.* sec. 443, and authorities cited; *Chouteau v, Allen,* 70 Mo. 341, 291; *Hayward, Assignee, v. Ins. Co.,* 52 Mo. 181; *Harriman v. Stowe,* 57 Mo. 93; *Ford v. French,* 72 Mo. 250; *Livermore v. Blood,* 40 Mo. 48.

The composition agreement submitted by Dickson in defendant's behalf to plaintiff, upon its face shows that the creditors executing it had thereby agreed to accept thirty-five per cent. in full of their several demands, and the failure of Dickson to disclose the preference to Levy & Brother, a knowledge of which by the agent the law imputes to the principal, was a concealment of a material fact and upon which the law attaches an infirmity to the contract, and we place our judgment distinctly upon these grounds. If this view of the law be correct, the evidence excluded by the court was irrelevant and immaterial.

The court of appeals seems to have placed its affirmance of the judgment of the lower court upon the broad ground, that a composition agreement between a debtor

and all his creditors is rendered void by the fact that one of the creditors was induced to sign the agreement by the officious act of a third person in agreeing to pay him something in addition to the amount he was entitled to receive under the composition agreement, which agreement with the third person was concealed from the other creditors until after the composition had been signed and the settlement fully executed, of which agreement between the third party and the particular creditor the debtor was wholly innocent. As already indicated, Mr. Dickson, in our judgment, held a different relation under the law to the transaction and to the parties to this action, from that of an entire stranger, or a mere volunteer third party or intermeddler, and for this reason we do not now feel called upon or required to pass upon the question, whether a debtor, though entirely honest and fair with all his creditors, may be deprived of his composition, solely upon the ground of inequality among his creditors, wholly irrespective of law or by whom that inequality may be brought about. Such a case is not before us, and it will be time enough to decide it when it arises. Whereupon the undisputed fact the decision of the lower court is right, its judgment or appeal will not be reversed, for the reason (if such be the case) that the court in rendering its judgment, may have assigned other than the appropriate or correct reasons therefor. For these reasons, the judgment of the court is affirmed. All concur.