# FRANK O'BRIEN, APPELLANT, v. JACOB GREENE-BAUM ET AL., RESPONDENTS.

COMPOSITION WITH CREDITORS — CONCEALED PREFERENCES — INVALIDITY OF AGREEMENT. — A composition agreement between a debtor and his creditors for the payment of his debts rests upon the express or implied understanding that all the creditors are to share in the assets of the debtor upon the terms and in the express proportion stated in the agreement itself, and the agreement is fraudulent and void as to a creditor who was deceived and induced to accept its terms upon the supposition that there were no concealed preferences, when in fact some of the creditors have, unknown to him, obtained as a consideration for their assent to it more favorable terms than are disclosed by the agreement.

ID. — SECRET PREFERENCE TO PLAINTIFF — DENIAL OF RELIEF. — In order to entitle a creditor from whom preferences of other creditors have been concealed to relief from such a fraud, by avoiding the composition agreement, he must come into court with clean hands; and where it appears that the plaintiff himself, as a consideration for his assent to the agreement, bargained for and obtained a secret preference over other creditors who signed the agreement, and which was fraudulent as to them, he is not entitled to any relief because some other creditors obtained secret advantages similar to his own.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Gordon & Young*, and *J. F. Sullivan*, for Appellant.

Where a creditor is induced to enter into such an agreement by any false representation or fraudulent concealment, or if any creditor is induced to sign by any unfair means, whether known to the debtors or not, or if any creditor's claim is purchased with no conceivable motive but to benefit the debtors, no matter from what source, and these acts, or any of them, are concealed from a creditor, then such creditor has a perfect right to have the composition agreement set aside. (2 Pomeroy's Eq. Jur., sec. 967; 1 Story's Eq. Jur., secs. 370, 378, 379; Kerr on Fraud, 124, 214; 2 Perry on

Trusts, 2d ed., sec. 591; *Clarke* v. *White,* 12 Pet. 178 (199); Burrill on Assignments, 5th ed., secs. 295, 490; *Elfelt* v. *Snow,* 2 Saw. 100, 107; *In re Whitney,* 14 Nat. Bank. Reg. 1; *In re Sawyer,* 14 Nat. Bank. Reg. 241; *Bean* v. *Amsinck,* 10 Blatchf. 361; *Carroll* v. *Shields,* 4 E. D. Smith, 466 (468); *Pinéo* v. *Higgins,* 12 Abb. Pr. 334; *Lawrance* v. *Clark,* 36 N. Y. 128; *Solinger* v. *Earle,* 45 N. Y. Sup. Ct. 811.) The plaintiff was not guilty of fraud, as the only fact charged against him is, that he borrowed a sum of money from Moses Greenebaum; and as he did not know that he was dealing with the insolvent or with his avowed agent, he cannot be said to be unduly preferred, or guilty of fraud. (*Winsor* v. *Kendall,* 3 Story, o07 (514, 515).) There is no evidence that Moses Greenebaum was an agent of the defendants Greenebaum and Straus, in making any loan to O'Brien, or that it was brought home to O'Brien in any way that Moses Greenebaum was anything but an entire stranger, coming, perhaps, within the meaning of the words a "volunteer third party or intermeddler," and therefore the plaintiff was not guilty of fraud in borrowing the money from him. (*Bank of Commerce* v. *Hoeber*, 88 Mo. 37; 57 Am. Rep. 359.) The defense that the plaintiff was guilty of a fraud upon the creditors of Greenebaum and Straus is not one that can be availed of by Greenebaum and Straus in the present action. (See *Huntington* v. *Clark,* 39 Conn. 540.)

*John R. Jarboe, W. S. Goodfellow,* and *Edward R. Taylor,* for Respondents.

The plaintiff was himself guilty of fraud upon the creditors, and therefore has no such standing as will authorize him to challenge the composition agreement, and as to him, at least, the agreement must stand as made. (See *Winn* v. *Thomas,* 55 N. H. 294; *Solinger* v. *Earle,* 45 N. Y. Sup. Ct. 80; *Winsor* v. *Kendall,* 3 Story, 507; *Bank of Commerce* v. *Hoeber,* 88 Mo. 37; 57 Am. Rep. 359.)

DE HAVEN, J. — The right of plaintiff to any part of the relief demanded in the complaint depends entirely upon the validity of the composition agreement referred to therein, and which the plaintiff asks to have adjudged fraudulent and void. If that agreement is to stand, then plaintiff, as a party thereto, is bound by its terms, and his claim against defendants Greenebaum and Straus, for their alleged conversion of his money and stocks, must be satisfied in the manner thereby provided. The plaintiff alleges that this agreement is fraudulent and void as to him, because certain of the creditors who signed it received fraudulent preferences for the purpose of inducing them to do so, and that such facts were concealed from plaintiff, and were a fraud upon his rights, and his signature was, by reason of such concealment, fraudulently obtained.

The court below found as facts that for the purpose of securing the assent of certain creditors to said agreement, such creditors were, with the knowledge of Greenebaum and Straus, given secret advantages and benefits superior to those held by a majority of the creditors. But the court also found that on or about the 9th of November, 1886, Moses Greenebaum, a brother of one of the defendants, and who seems to have been the one through whom the other creditors received their preferences, requested plaintiff to sign " the said agreement, and the plaintiff at first refused to sign the same; but two days thereafter, to wit, on the eleventh day of December, 1886, he agreed with said Moses Greenebaum that he would sign the same if, in consideration thereof, he, the said Moses Greenebaum, would, immediately upon his so doing, let him have the sum of seven thousand five hundred dollars, and simultaneously therewith the plaintiff gave said Moses an order in writing, drawn by the plaintiff upon the defendant Wolfsohn, for the sum of seven thousand five hundred dollars, expressed upon the face of the order to be payable ' from the proceeds of the claim I hold against Greenebaum and

Straus,' and thereupon the plaintiff signed the aforesaid agreement."

"By this means the plaintiff himself obtained a secret advantage and benefit greater than and superior to that held by the majority of the creditors of said Greenebaum and Straus, who signed the agreement."

The court thereupon rendered judgment in favor of defendants, from which the plaintiff appeals.

The judgment is right upon the findings. There can be no doubt that the law exacts the utmost good faith between the debtor and his creditors in the matter of entering into a composition agreement for the payment of debts. Such agreements rest upon the express or implied understanding that all the creditors are to share in the assets of the debtor upon the terms and in the exact proportion stated in the agreement itself, and this being so, it is universally held that if some of the creditors have, unknown to the others, obtained as a consideration for their assent to it, more favorable terms than are disclosed by the agreement, the agreement is fraudulent and void as to the creditor who was deceived and induced to accept its terms upon the supposition that there were no concealed preferences, and that he was thereby being dealt with as fairly and justly as others. (Story's Eq. Jur., sec. 378; *O'Shea* v. *Collier White Lead etc. Co.*, 42 Mo. 397; 97 Am. Dec. 332; *Bank of Commerce* v. *Hoeber*, 88 Mo. 37; Burrill on Assignments, sec. 181.) But in order to entitle a creditor to relief from such a fraud practiced upon him by his debtor and others joining with him in the composition agreement, he must himself come into court with clean hands. The application of this familiar principle of equity is fatal to the right of plaintiff to any relief in this action. The findings are to the effect that in the very transaction of which he complains, the plaintiff himself, as a consideration for his assent to the agreement which he now seeks to avoid, bargained for and obtained a secret preference over other creditors, and which was fraudulent as to them. Under these circum-

stances, he is not in a position where he can be heard to complain because other creditors obtained secret advantages similar to his own.

Judgment and order affirmed.

SHARPSTEIN, J., and McFARLAND, J., concurred.

Hearing in Bank denied.