Cheney *et al. vs.* Dalton.

---

WILLIAM O. CHENEY *et al.*, plaintiffs in error, *vs.* ELIZA-BETH A. DALTON, administratrix, for use, etc., defendant in error.

1. Where proceedings are instituted to establish a lost note, and suit is commenced after the rule *nisi* has issued, as allowed by section 3910 of the Code, and, pending the cause, the original note is found, it is not error to allow plaintiff to amend his declaration, so as to sue upon the original note thus found, even though there may be some immate-

rial discrepancies between the original note and the copy which it was sought to establish.

2. Title to personal property may pass by sale without present delivery; but a mere promise to deliver, for a consideration paid, after the owner shall have done something necessary to enable him to deliver, does not pass title. The intention of the parties will govern. Thus, where A buys land of B, for which he gives him the note of a third person, and they afterwards cancel their trade, but B, having lost the note, promises to have a copy established, and then to deliver it in lieu of the lost original, or to deliver the original if found, the title to the note passed to A or not, at the time of the cancellation of the land trade, according as the parties may have intended. The jury in this case having found that the parties did not intend to pass the title to the note until it was safely delivered to A, which finding is supported by evidence, the verdict will not be disturbed.

Lost note. Personalty. Delivery. Rescission. Before Judge ANDREWS. Oglethorpe Superior Court. October Adjourned Term, 1871.

Jesse Dalton, for the use of James P. Dorough, brought complaint against William O. Cheney, Enoch Cheney and Andrew J. Watson on a note alleged to be lost, proceedings for the establishment of which were then pending. The copy attached to the declaration was as follows:

"$500 00.—One day after date we, or either of us, promise to pay James P. Dorough, or bearer, the sum of five hundred dollars, for value received. 4th January, 1860.

"WILLIAM O. CHENEY,

[Signed]             "ENOCH CHENEY,

"ANDREW J. WATSON."

"Received, 4th January, 1861, the interest due on this note."

"Received, 4th January, 1862, the interest due on this note."

"Received, 4th January, 1863, the interest due on this note."

Plaintiff having died pending suit, Elizabeth A. Dalton, his administratrix, was made a party.

The lost note having been found, plaintiff moved to amend the declaration as follows:

" Plaintiff says that since proceedings to establish the note, which is the foundation of this action, were begun, the original note has been found; and plaintiff further amends by declaring, upon said original note, of which the following is a copy:

" 'One day after date, I promise to pay James P. Dorough, or bearer, five hundred dollars, for value received of him. January 4th, 1860.

'WILLIAM O. CHENEY,

[Signed]          'ENOCH R. CHENEY, Security,

'A. J. WATSON, Security.'

' Received on the within note thirty-five dollars.

' December 26th, 1860.' "

' Received on the within note $50 49, it being the interest on said note up to date.   January 4th, 1863.'

'I assign the within note to Jesse Dalton, for value received, conditioned that if the debt is repudiated by law or scaled down, I will make good to the said Jesse Dalton one-half of his loss thereby.   September 18th, 1865.

[Signed]                    ' JAMES P. DOROUGH.' "

The amendment was allowed and defendants excepted.

It appeared, from the evidence, that James P. Dorough, in the fall of 1865, traded the note sued on to Jesse Dalton in part payment for a tract of land; that on September 21st, 1867, the trade was rescinded and the note was to be returned to Dorough, but Dalton could not find it and pronounced it lost; that Dalton agreed that he would have a copy established, and employed John C. Reed, Esq., for this purpose; that just before the October Term of the Superior Court of last year, the original note was found and turned over to the usee by Mrs. Dalton, Jesse Dalton having died; the copy when established was to have been delivered to Dorough; that when the rule *nisi* on the proceedings to

establish the lost note was served, suit was commenced on said note in the name of Dalton, by consent of both Dalton and Dorough ; that Dorough paid no taxes on the note while it was in the possession of Dalton or of his estate.

The jury returned a verdict for the plaintiff for $500, principal, with interest from January 4th, 1863.

The defendants moved for a new trial upon the following grounds, to-wit :

1st. Because the Court erred in allowing the amendment hereinbefore set forth.

2d. Because the Court erred in charging the jury as follows, to-wit : " That a promise or undertaking to do a thing may be a valid consideration, and that if Dalton, in consideration of the reconveyance to him of the land by Dorough, promised to establish a copy of the lost note and to deliver the same when established to Dorough, this promise of Dalton, and not the lost note, was the consideration of the rescission. Dorough could have enforced this promise of Dalton just as a man could enforce a legal promise of another to make and deliver so much cotton, or recover damages equal to the value of the cotton. Had Dalton refused or failed to to perform his promise, Dorough could have recovered from him damages to the amount of the value of the note. There is a difference between selling or conveying title and a promise to sell, reconvey or deliver. Mr. Reed contends that only a contract to sell or deliver has been promised, and Mr. Mathews that a contract or sale, in effect, of the note was made so as to pass title, though the note was not to be delivered until a future day."

3d. Because the Court erred in charging the jury as follows, to-wit : "That the consent of Dalton and Dorough could put the title to the note in both or either, and that if both agreed that Dalton was to proceed in his own name to establish a copy, and agreed that suit should be instituted in his own name on the note, and if both further agreed that the note was to be delivered up when established by Dalton to Dorough; that this agreement and consent kept the title

to the note in Dalton until the found original was restored to Dorough. The suit could proceed in Dalton's name, and while Dalton was the legal owner of the note, for the benefit of Dorough, and that Dorough would have power to bargain away his right to such benefit without changing the title, for Dorough might have released Dalton himself from the contract which he testifies. was made between him and Dalton. But the Court goes further, and charges you that if you believe, from the evidence, that the note on the rescission of the contract of sale of land was sold or reconveyed to Dorough to be delivered at a future day, the title passed to Dorough, and he should have paid the taxes thereon, for the Court charges that title to personal property without present delivery can pass by sale. The difference is this, that though a sale or reconveyance of the note would have repassed title to Dorough without delivery, a promise only to deliver when the note should be found or copy established, passed no present title to Dorough; for if after finding or establishing a copy, Dalton had failed to deliver, the title would have remained in him, Dalton, and Dorough would have had redress against Dalton for a violation of his contract to deliver. The Court charges, that to have made a sale or reconveyance it was unnecessary to have used such words, but there must have been something equivalent thereto. The Court charges that a mere promise to reconvey or deliver, when the note might have been found or copy established, is not, of itself, such a sale or reconveyance, as would have vested title in Dorough before delivery."

4th. Because the Court erred in refusing to charge the following request without modification, to-wit: "If the jury believe, from the evidence, that the lost note was the consideration given by Dalton to Dorough, for the land purchased by Dalton, from Dorough, and deeded September 21st, 1867, then the title to the lost note vested in Dorough, and it was his duty to pay taxes on it, and if they believe he did not pay taxes on it as required by law, they must find for the defendants." To which request the Court

added the following modification : "If you believe, from the evidence, that Dalton only promised to deliver the lost note when found or established, and that this was the promise or agreement between the parties, then such promise, as has been already charged, is the consideration of the land deeded. But if you believe, from the evidence, that the lost note was given for the land, then it was the consideration, and the title to the lost note vested in Dorough, and he should have paid taxes on it from the time of making such deed, until it was delivered to him since the finding."

5th. Because the Court erred in refusing to charge the following request, without modification, to-wit: "If the jury believe, from the evidence, that Dalton promised Dorough to establish a copy of the lost note, that promise did not prevent the title to the lost note vesting in Dorough the moment the land was deeded to Dalton, for which the lost note was given." To which the Court added the following modification: "that though the promise mentioned in this request did not prevent the title to the lost note from vesting in Dorough, yet on the other hand it did not vest without more. As already charged it required more than such promise to vest title."

6th. Because the verdict of the jury was contrary to law and evidence.

The motion for a new trial was overruled by the Court and defendants excepted, and assign error upon each of the grounds aforesaid.

J. D. MATHEWS, for plaintiffs in error. The Court erred in allowing the amendment: Code, secs. 3906, 3910, 3429, 3430. The note was Dorough's property during the years 1868, 1869, 1870, and he should have paid taxes thereon : Code, sec. 2712. The non-delivery of the note did not prevent the title from passing : 31 Ga. R., 143 ; Code, secs. 2587, 2602.

JOHN C. REED, for defendant. The amendment was proper: Code, sec. 3906; Story Prom. Notes, 57; 18 Ga.

R., 465; *Ibid.*, 738.   Delivery essential to sale: Code, sec. 2602.   Note payable to bearer negotiable by transfer: Code, sec. 2733.

MONTGOMERY, Judge.

1. It is too late, in our practice, to object to amendments to pleadings upon mere technicalities.   The legal effect of the lost note and the substituted copy sued on are identical. No new and distinct cause of action—no new and distinct parties.   The amendment was properly allowed: Code, 3429, 3430.

2. Whether Dorough should have paid the taxes on the note after the rescission of the land trade, and before delivery of the note to him, depends entirely on whether the intention of the parties was to pass the title of the lost note to Dorough at the date of the rescinding contract.   There was evidence to show such was not the intention, and the jury have so found.   Indeed, it would have shown very little shrewdness on Dorough's part to divest himself of the title to the land and take the risk of the note having passed into other hands and been by them collected.   True, he might have collected the amount from them, if they were able to pay, but suppose they were not?

Judgment affirmed.