CAMP vs. SMITH.

1. In complaint for land the declaration is amendable by adding thereto an abstract of the plaintiff's title.

2. Where, pending an application by the wife for homestead in land which she owned at the time of the marriage, the husband conveyed the premises to her by deed, in *fee simple*, with power of disposition by will, and such conveyance was made in execution of a parol ante-nuptial agreement stipulating that each party should, after marriage, have the same rights of property as before, the ordinary's subsequent approval of the application for homestead did not operate to invest the husband with any interest in the property which would survive the wife and postpone the entry of her devisee; more especially as no minor children were left at her death.

3. In such case, the wife's devisee took the title, and nothing passed to the children of either consort by a prior marriage, under section 2024 of the Code.

Ejectment. Amendment. Pleadings. Homestead. Husband and wife. Estates. Before Judge HALL. Henry Superior Court. April Term, 1878.

Mrs. Smith brought complaint for land against Camp. No abstract of title was attached to the declaration. The defendant pleaded the general issue. After the jury was stricken, the plaintiff proposed to amend by adding such abstract. The amendment was allowed, and defendant excepted.

The case was submitted upon the following facts: Mrs. Hand, the mother of plaintiff, was married to defendant in the year 1865, or before that time. She then owned the land in controversy. Plaintiff was her, only child, and was then of full age. Defendant had a number of children by a former marriage, all of them of full age. There were no children by the last marriage. On January 12th, 1870,

Mrs. Camp applied for a homestead in the property, alleging that her husband was the head of a family consisting of himself and herself. On the 31st of the same month the application was approved and recorded. At the time of the marriage a verbal contract was entered into between defendant and his said wife, by which each was to retain after marriage all the property they severally owned before, with the right to will it at their respective deaths. On January 25th, 1870, this ante–nuptial ageement was reduced to writing, by which defendant specially empowered his wife to dispose of the premises in dispute by will, conveying to her all the right, title and interest that he had in or to said property. On December 16th, 1871, she executed her will, bequeathing the same to the plaintiff for life, and at her death to the grand-daughter of testatrix. On the 25th of the following March, the testatrix died, and two days thereafter Brown, the executor, proved the will in common form and received letters testamentary. Subsequently Brown died, and Weems was appointed administrator *de bonis non*, etc. He assented to the legacy. Defendant has been in possession of the premises in dispute since the death of his wife. The yearly value of the land has been $50.00.

The court ruled that even if Mrs. Camp could have had a homestead set apart in her separate estate without first conveying the same to her husband, still, at her death, the property went back to her estate and title to the same passed to plaintiff by her will.

To this ruling defendant excepted.

A verdict was returned for the plaintiff. Defendant assigns error upon each of the above grounds of exception.

S. C. McDANIEL; SPEER & STEWART, for plaintiff in error, cited Code, §§2024, 3479; 10 *Ga.*, 368; 18 *Ib.*, 399.

J. J. FLOYD; GEORGE M. NOLAN, for defendant.

BLECKLEY, Justice.

1. Under the Code, pleadings are amendable in all respects, when there is anything to amend by. The omission to annex an abstract of the plaintiff's title to a declaration of complaint for land is a defect curable by amendment. We can see no reason for holding to the contrary.

2. Granting that the marital rights of the husband attached upon the land, and that it was his property at the time that the homestead was applied for, he was free to alienate his title to his wife at any time before the application was approved by the ordinary. Indeed, as no homestead title becomes vested until all the prescribed steps are taken, the last of which is the ordinary's approval, it is not easy to see why, at any previous time, the owner could not part with the property by gift or sale to any person whatsoever. But here the conveyance was to the wife, for whose benefit chiefly (there being no minor children) the homestead protection was intended; and, above all, the conveyance was the execution of an ante–nuptial agreement by which this very property, then her own, was to remain hers, and be subject to her disposition by will. We have, then, in favor of her power to devise when her will was executed, the several facts that it was her property before marriage, that it was to remain hers, that it was conveyed to her accordingly, and that the conveyance expressly conceded her right to dispose of it by will. Against all this the husband now has nothing to urge, except that she applied for a homestead, and that the application was approved by the ordinary. If we treat the property as hers, and the homestead carved out of it as hers, the whole proceeding becomes a nullity because she was not the head of a family. There was no provision of law for her to take a homestead in her own property. She did not convey it to her husband.

2. The devisee took the title. Nothing descended to children under section 2024 of the Code.

Judgment affirmed.