Ross *vs.* Jordan.

1. A promise made after discharge in bankruptcy to pay a debt provable in bankruptcy, and from the liability to pay which the defendant was discharged, need not be in writing. Such promise is valid, the consideration thereof being the moral obligation to pay a just debt.
2. If the note be not accurately and fully set out in the declaration, yet is substantially referred to therein, such inaccuracy may be cured by amendment, and the action should not be dismissed.

Bankruptcy. Promissory notes. Statute of frauds. Contracts. Before Judge Hood. Terrell Superior Court. November Term, 1878.

Ross brought assumpsit against Jordan, alleging that the latter had made a promissory note to him which was due and unpaid; that defendant had, since the giving of such note, been through bankruptcy and been discharged; but since his discharge, he had made a payment on the note and promised to pay the balance, which he had failed to do.

Defendant demurred to the declaration (1) because it showed that the debt was discharged and the new promise to pay was without consideration; and (2) because no copy of the note or sufficient description of it was set out.

The court dismissed the case, and plaintiff excepted.

GUERRY & PARKS; DuPONT GUERRY, for plaintiff in error, cited 44 Vt., 518; 27 Ark., 619.

B. B. HINTON, for defendant, cited Code, §2934; 56 *Ga.,* 570; 6 *Ib.,* 31.

JACKSON, Justice.

1. The single question is, was the court right in sustaining the demurrer? We think not. We know of no law which requires the promise to pay a debt from which the bankrupt had been discharged to be in writing. The moral obligation to pay the debt is a sufficient consideration to support the new promise; and such promise being made after the discharge of the defendant in error in bankruptcy, he is bound thereby and ought to pay it. The demurrer admits the truth of the facts set out in the declaration and amendments, and such being the facts, the law gives a right of action to the plaintiff and he may recover, unless some reason other than appears from the declaration and demurrer be given by defendant in bar of the suit. See Bump on Bankruptcy, 743; 44 Vermont, 518; 27 Ark., 619.

2. If the note be not described with sufficient fullness, the declaration may be amended so as to set it out in full, it being substantially referred to therein. On the facts set out substantially, the plaintiff ought to be allowed to go to the jury, amending any defect of pleading under the broad provisions of our Code. Code, §3479.

The court, therefore, erred in dismissing plaintiff's declaration.

Judgment reversed.