## MERRITT *vs.* BAGWELL.

1. Where a declaration in complaint on a promissory note set out the names of the makers, the payee, the amount, date and time of payment, a failure to attach a copy to the declaration could be cured by amendment.

(*a.*) If one of two defendants to a suit on a note against them as makers, tacitly permits judgment by default to be rendered against his co-defendant, when the note is afterwards offered in evidence against him, he cannot object to it on the ground that judgment had previously been rendered against his co-defendant. He had consented, by his silence, to a severance.

2. F. presented a note to M. for signature, stating that it was for less than sixty dollars, (the amount of a note which he had formerly signed, and which F. then destroyed). It was, in fact, for more. M. being old and infirm and reading with difficulty, relied upon the representation of F., and signed the note. It was then passed, before due, to B., in part payment for two wagons sold by him to F. One of them was taken away, and the other was left at the gin house of B. After this trade was consummated, but before the second wagon had been removed from the gin house, M. notified B. of the fraud which had been practiced upon him. F. had sold the second wagon to another party, who carried it away without resistance from B. :

*Held*, that these facts did not prevent a recovery on the note by B.

(*a.*) A *bona fide* holder of a promissory note for value who receives the same before due and without notice of any fraud, may recover against the maker thereof, although the person from whom he received it may have obtained the signature of the maker by fraud.

(*b.*) Generally the delivery of goods is essential to the perfection of a sale, but this need not be actual, may be dispensed with by the intention of the parties, and may be inferred from a variety of facts. After such a sale had been consummated, and a note not yet due, received *bona fide* in part payment for the goods, one who signed the note could not, by notice, compel the vendor to rescind the trade. ·

(*c.*) Nor could the maker of the note compel the vendor of the goods to hold possession of property which he had sold, and to litigate with the purchaser, or one claiming under him, for the benefit of such maker.

3. A motion in arrest of judgment can be sustained only for defects appearing on the face of the pleadings which could not be cured by amendment and are not aided by verdict. The pleadings must be so defective that no legal judgment can be rendered thereon.

(*a.*) Non-joinder or misjoinder is a matter for dilatory plea or plea in abatement, and must be taken advantage of at the first term, by such plea or by demurrer, if then apparent. Former recovery or pendency of another suit for the same cause of action between the same parties, is matter for plea in abatement, and must be taken advantage of at the first term, or if occurring afterwards in the progress of the trial, so soon as may be after it occurs.

March 13, 1883.

Amendment. Debtor and Creditor. Practice in Superior Court. Sales. Title. Judgment. Vendor and Purchaser. Before Judge WELLBORN. Hall Superior Court. August Term, 1882.

Reported in the decision.

W. L. MARLER ; H. H. PERRY, for plaintiff in error.

· J. B. ESTES, for defendant.

HALL, Justice.

John D. Bagwell instituted suit upon a promissory note, payable to J. D. Bagwell & Co. or bearer, for one hundred and fifteen dollars, bearing date 25th February, 1876, due the first day of November then next, with ten per cent. interest from date, and signed by W. C. Williams, W. W. Findley and E. W. Merritt.

The suit was in the statutory form against all three of the makers; Merritt and Findley alone were served, the declaration stating that Williams' "place of residence was unknown" to the plaintiff. No copy of the note was appended. There was no return of *non est inventus* as to Williams, and no order taken to proceed against the other defendants. Findley filed no defence, and at the trial term, judgment was awarded against him and signed by the presiding judge without the intervention of a jury.

Merritt pleaded the general issue, and that the note was procured from him by the fraud of his co-defendant, Findley, for whom and Williams he was only security, etc. At the hearing, he withdrew this latter plea, stood by and saw the judgment given by the court against Findley, without objection upon his part, and did not, at the first term, file any plea for want of proper parties, or because of a non-joinder of parties defendant. On the trial, when the note was offered in evidence, he objected to its introduction because no copy had been attached to the declaration, and for the further reason that judgment had already been entered against his co-defendant, Findley. On motion, the court allowed the declaration to be amended by attaching a copy of the note, Merritt objecting thereto, upon the ground that there was nothing to amend by. Upon the amendment being made, the note was read in evidence; and on this, error is assigned, as also upon both the grounds taken for its rejection.

1. There was no error in allowing this amendment. The substance of the note was set forth in the declaration; the names of the makers, payee, amount, date and time of payment were specifically stated. There was, therefore, enough in the pleadings to amend by. Code, §3479. *Ross vs. Jordan*, 62 *Ga.*, 298, covers the precise point made here. See, also, *Camp vs. Smith*, 61 *Ga.*, 449, which recognizes the same principle, by allowing an abstract of title to be added as an amendment to a complaint for the recovery of real estate.

The other ground taken against the admission of the note in evidence, was equally unavailing. If good at all, it was good in abatement of the suit, and should have been made, if it appeared on the face of the pleadings, by demurrer to the suit, either at the first term of the court or as soon thereafter as it existed, and if not taken by demurrer, then it should have been insisted upon by plea in abatement. Merritt's conduct at the hearing, was certainly a waiver of the objection. It is claimed now that

this judgment was a former recovery against all the defendants; but by the Code, §3476, "a former recovery is good cause of abatement, in a suit between the same parties." Here one of the defendants consented, by his silence, to a severance between himself and the others, so far as this judgment was concerned. The defendant, against whom the court awarded judgment, filed no issuable defence under oath, to a suit founded upon an unconditional contract in writing, and it is questionable, to say the least, if a judgment rendered in any other manner, would have been valid and binding against him. Code, §§3448, 5145 ; 38 Rule of Court, *Ib.*, p. 1350. The objection is not aided by the decision of this court in 35 *Ga.*, 72, 73, cited for plaintiff in error. The suit in that case was upon a foreign judgment, rendered against numerous tortfeasors, and the court held that the judgment made them joint, and not joint and several, defendants, which they were before it was rendered; and that the striking of one of them released the others, notwithstanding the Code, §3485.

2. After this was done, Merritt amended his plea by adding thereto the following : That he had only signed the note as security; that his signature had been obtained by the fraud of Findley, the principal; and that he notified Bagwell, the payee, of the fraud, before he had parted with the consideration for which the note was passed to him. The alleged fraud, as set out in the plea, consisted in Findley's misrepresentation to Merritt as to the amount of the note, stating to him that it was less than sixty dollars (the amount of a note which defendant had formerly signed, and which Findley then destroyed); that defendant was old and infirm and read with difficulty, and relied solely upon the representations made by Findley. It seems that the note, when signed, was passed to Bagwell in part payment for two wagons which Bagwell had sold to Findley. One of the wagons was taken away by Findley, and the other left at Bagwell's gin house. After this

trade was consummated, and before Findley had removed the other wagon from the gin house, Bagwell was notified by Merritt of the fraud that had been practiced in the procurement of the note, and he was requested not to deliver the other wagon. Findley, it seems, had sold this wagon to one Pollard, who came and took it away. Bagwell did not claim the right to control this wagon, and upon consulting counsel, was advised that he had no right to retain it, and did not attempt to do so.

The court charged the jury, under the facts in proof, that although the wagon was left in the possession of Bagwell, the title to it had passed out of him, and after the title had so passed out of him, he had no right to retain it, although he may have then received notice of Findley's fraud on Merritt; and refused to charge, at request of Merritt's counsel, that " if Bagwell had notice of the fraud before he delivered the wagon, he could only recover from Merritt such part of the note as went to the consideration of the wagon already delivered"; or that, " if Bagwell had notice of the fraud before he delivered the wagon, it was Bagwell's right, if he was not satisfied with the note without Merritt's signature, to rescind the trade and hold the wagon until a satisfactory note was given "; and lastly, that " if Pollard purchased from Findley and Williams while the wagon was in Bagwell's possession, he purchased subject to Bagwell's rights."

Under the charge and the evidence, the jury found a verdict for the plaintiff for the full amount of the note.

It is not pretended that Bagwell had any agency in procuring Merritt's signature to this note, or that he was in any manner privy to the fraud by which it was procured; indeed, the very reverse of this is fairly inferable, not only from the pleadings, but the proof in the case, and Bagwell swears positively that he knew nothing of it until he received notice of it from Merritt, after the trade had been consummated between himself and Williams and Findley. This court has placed a construction upon Code,

§2785, which relieves the holder of a note from liability, if he had no agency in its fraudulent procurement. 37 *Ga.*, 66 ; 48 *Ib.*, 162. The sale of the wagons and the receipt of the consideration agreed to be paid by the seller, certainly vested the title in the purchaser. The intention of parties may dispense with delivery, which is generally necessary to the perfection of a sale of goods; this delivery need not be actual, but may be inferred from a variety of facts. After delivery, actual or constructive, the goods are at the risk of the purchaser. Code, §2644. The seller in this case, could not be made to rescind a sale which had been consummated, at the request of a party to a note which had been passed to him and which he received *bona fide* before due, although the party from whom he received it had no title thereto. Code, §2639, and in connection, *Ib.*, §3640. Nor are we more strongly impressed with Mr. Merritt's right to compel Bagwell to hold on to property which he had sold, and to carry on a litigation with the purchasers or their vendee for Merritt's benefit. The property in this case remained at Bagwell's from February until August. Merritt knew it was there and knew the extent of Bagwell's control over it. Yet, during all that time, he took no step to secure this wagon for the payment of the note on which he was bound. He had requested Bagwell " to keep the wagon for him to make his money on "; to which Bagwell replied " that the wagon, though still at his gin, belonged to Findley & Williams ; yet he would keep it as long as he could, to enable him to make his money." Did keep it until August, when Pollard came for it; notified Merritt of this; went so far as to consult counsel, who told him he would have to give it up ; had no claim to the wagon after he received the money and note. After this, Pollard carried it off, and he could make no further objection.

In view of these facts, the court could not have charged, as requested, that, "if Pollard purchased from Findley and Williams while the wagon was in possession of Bagwell,

he purchased subject to Bagwell's rights." Bagwell had no rights in the property; the sale had divested all he ever had; besides, this and the other requests refused, if not in direct contradiction to the charge given, were neither pertinent nor relevant to any issue between the parties in this litigation, and could have had no effect but to divert the attention of the jury from what was properly before them.

The evidence in this case leaves it doubtful when Pollard became the purchaser of this wagon. If he purchased before Merritt gave notice of the fraud in the procurement of the note, then his title was protected; or, if he purchased before he had any notice at all of any infirmity in Findley and Williams' title to the property, then, as between him and Bagwell, his title might or might not, according to circumstances, have been valid, and Bagwell, without more, may have been obliged to deliver the wagon to him. In this view of the case, the record in Mrs. Pollard's suit *vs.* Prior *et al.*, when taken in connection with the other testimony bearing upon the subject of that suit, may, by a possibility, have been admissible. But whether admissible or not, it could only bear upon an issue raised by Merritt himself, which, as we have seen, was not properly in the case between him and Bagwell. It did no hurt and could have had no possible influence upon the finding in the case. It was immaterial, and affords no reason for a new trial, even if its admission was error.

What has gone before, together with the usual grounds, constitute the entire motion for a new trial. The verdict was not only authorized, but imperatively demanded by the evidence in the case, and the new trial was, therefore, properly refused.

3. Merritt moved to arrest the judgment:

(1.) Because the record showed that W. C. Williams, one of the joint defendants, was not served, and there was no return by the sheriff of *non est inventus*, as to him.

(2.) Because the record showed that, before the verdict

and judgment against Merritt, a judgment had been obtained on the same cause of action, against W. W. Findley, one of the defendants in the case.

This motion can be sustained only for such defects appearing on the face of the pleadings as are not amendable. Code, §3587. The pleadings must be so defective that no legal judgment can be rendered. *Ib.*, §3589. But a judgment cannot be arrested for any defect in the pleadings or record that is aided by verdict, or is amendable as matter of form. *Ib.*, §3590.

These grounds of the motion in arrest have already been, to some extent, anticipated, the last more largely than the first.

The non-joinder or misjoinder of defendants is matter for a dilatory plea or plea in abatement, and must be taken advantage of at the first term of the court. (Code, §3456 ; 27 *Ga.*, 113); or if then apparent, by demurrer. Former recovery or pendency of another suit for the same cause of action and between the same parties, is matter in abatement, and must be taken advantage of at the first term, or if occurring afterwards, in the progress of trial, so soon as may be, after it occurs. Code, §3476 ; 51 *Ga.*, 232 ; 59 *Ga.*, 175, 176 ; 57 *Ib.*, 63 ; 39 *Ib.*, 556 ; 45 *Ib.*, 158 ; 53 *Ib.*, 451 ; 55 *Ib.*, 229 ; 35 *Ib.*, 66 *et seq.*

Judgment affirmed.