### HARDEE *v.* LOVETT.

1. An action of complaint on a promissory note in the form prescribed by §3391 of the code, omitting the date of the note and a copy thereof, set out a cause of action, through a defective one, and was amendable.
(*a*) An amendment alleging the non-residence of the defendant in order to avoid the plea of the statute of limitations, was allowable, and added no new cause of action or new parties.
2. The superior court granted a first new trial; and this court is not disposed to interfere with its discretion in so doing.
May 1, 1889.

Actions. Statute of limitations. Amendment. New trial. Before Judge WELLBORN. Hall superior court. August term, 1888.

To the report contained in the decision, it is necessary to add only the following :

The note set out in the amendment, and the interrogatories of the plaintiff, were introduced in evidence. He testified that at the time of the execution of the note, the defendant lived in Brooks county, Ga., but left the State less than twelve months afterwards, has not resided in Georgia since, but has lived in Florida and now lives there, and lived there at the time of filing this suit.

The defendant filed pleas of *non est factum* and the statute of limitations ; also a plea to the effect that if he ever signed the note, it was as security for R. A. Hardee, and it was so understood by the plaintiff at the time of execution (if the note ever was executed), "and that said note is barred as against the principal of said note by the laches of plaintiff and by his failure to sue said principal within the time prescribed by statute, and that the defendant is therefore relieved from all liability thereupon."

The defendant and R. A. Hardee testified, by interrogatories, in brief, as follows : The defendant never signed the note in question. In the latter part of 1866 or the first of 1867, he signed a note for about $1,000 as security for R. A. Hardee, payable to Lovett. On January 1, 1868, defendant was in Florida, and has lived there ever since. The note they did sign was signed by R. A. Hardee as principal and defendant as security, and the plaintiff so understood at the time. Defendant did not sign as principal or joint contractor. The note signed was given for a wagon and a team of mules, and these were received by R. A. Hardee, defendant receiving nothing and having no interest in the

consideration.    Lovett knew that R. A. Hardee received the property, because it was turned over to him on his order.    R. A. Hardee left Georgia to live in Florida about January 15, 1868, and has lived there ever since, except that he has visited Brooks county two or three times; was there for a month in 1872, and nothing was said then or during his subsequent visits about the note. He and defendant are brothers.    About the time the property was bought of plaintiff, the two brothers were jointly interested in a plantation only.    R. A. Hardee was running timber works by himself, and it was for these works that he bought the mules and wagon.

In rebuttal, the plaintiff testified, by interrogatories, as follows :  Was present when the note in suit was signed ;  do not recollect any one else being present besides defendant.    He signed the note as one of the principals and not as security ;  the only understanding between us was, that they would pay the note when due.    Its consideration was for six mules, six-horse wagon and harness, not a pair of mules and wagon. Defendant and R. A. Hardee received the property and used it ;  R. A. Hardee did not receive all the property.

PERRY & DEAN, for plaintiff in error.

HOWARD THOMPSON, *contra.*

SIMMONS, Justice.

Lovett brought his action against Hardee in the following form :

"GEORGIA, Hall county.—To the superior court of said county :

"The petition of Nathaniel Lovett shows, that Gardner S. Hardee of said county is indebted to your petitioner in the sum of one thousand dollars, besides interest, on a promissory note due in January, 1868, which said note the said Gardner S. Hardee refuses to pay.

"Wherefore your petitioner prays process may issue requiring the said Gardner S. Hardee to be and appear at the next superior court for said county, to answer your petitioner's complaint.

"DAN. W. ROUNTREE, HOWARD THOMPSON, plaintiff's attorneys."

Hardee demurred to the declaration on the ground that no cause of action was set out, and that it showed on its face that the action was barred. Lovett amended his declaration by attaching thereto a copy of the note, which copy showed the amount to be $1,080 instead of $1,000, and by alleging that Hardee, the defendant, after signing the note, had removed to the State of Florida, and had resided there ever since, up to the time he was sued in this case. The defendant objected to these amendments, on the ground that they added a new cause of action, and that there was nothing in the original declaration to amend by. The objection was overruled, and he excepted. On the trial of the case, the jury returned a verdict for the defendant. The plaintiff made a motion for a new trial, which was granted by the court, and the defendant excepted and brought the case here for review.

1. The first question in this case is, whether the court erred in allowing the amendments to the original declaration. We do not think it did. *Cheney* v. *Dalton,* 46 *Ga.* 401; *Ross* v. *Jordan,* 62 *Ga.* 298, as to allowing copy of the note to be attached. The original declaration is almost in the exact words of the form prescribed by section 3391 of the code. It only omits the date of the note and a copy thereof, and is defective only in these two points. We think it set out a cause of action, though a defective one, and was amendable. The code prescribes a form which may be used in complaint for land, and declares that when said form is used, an abstract of the title relied on for recovery shall be annexed thereto. In the case of *Camp* v. *Smith,* 61 *Ga.* 449, where a complaint for land was brought under this short form and no abstract of title was annexed thereto, this court held that the declaration was amendable by annexing the abstract. We see no difference in allowing amendment by annexing an abstract of title,

and allowing amendment by attaching a copy of the note sued on, as was done in this case. See also *Merritt* v. *Bagwell*, 70 *Ga.* 578, where this question is also decided. The amount claimed in the original declaration being less than the amount of the note, there is no inconsistency in the amendment and the original declaration, the effect being merely to relinquish the amount of eighty dollars included in the note. Nor was there any error in allowing the other amendment, alleging the non-residence of the defendant. This was an effort on the part of the plaintiff to avoid the plea of the statute of limitations. It added no new cause of action or new parties. Declarations under these statutory forms may be amended as other declations at common law. *Akin* v. *Ordinary*, 54 *Ga.* 59.

2. The court granted a new trial. This is the first grant of a new trial in the case, and we are not disposed to interfere with the discretion of the court in granting the same.                        *Judgment affirmed.*