### 5288.   BRAY *v.* ARNOLD.

1. If, in a suit upon a promissory note, brought by one alleging himself to be a transferee, the petition is demurrable because the allegations as to the transfer are insufficient to show the plaintiff's right to maintain the action, this defect may be cured by an amendment which specifically sets forth the written transfer upon which the transferee relies.

2. Where there is attached to the petition in an action upon a promissory note what purports to be a copy of that contract, any words appearing in the original note, or any indorsements entered thereon, which may have been omitted from the copy, may be supplied by timely amendment.

3. A receipt is only prima facie evidence of payment, and its contents are subject to parol explanation. In the present case the issue turned upon the determination of the question whether the note sued upon was included in a settlement between the parties; and the finding of the trial judge, without intervention of a jury, is conclusive where the issue is wholly one of fact, and where his finding is supported by evidence.

DECIDED JANUARY 20, 1914.

Complaint; from city court of Lexington—Judge Cloud. September 8, 1913.

*E. P. Shull,* for plaintiff in error.

*W. M. Howard, W. W. Armistead,* contra.

RUSSELL, C. J.   Arnold brought suit against Bray on a promissory note, payable to Maxwell Brothers & Company. In the petition it is alleged that Maxwell Brothers & Company transferred and assigned the note to Nat D. Arnold, the plaintiff, but such a transfer did not appear upon the copy of the note attached to the petition, nor was a copy of the transfer exhibited therewith. From the attached copy of the note it did not appear that there was a subscribing witness. The defendant demurred to the petition, because the note was payable to Maxwell Brothers & Company and the petition failed to show a copy of a transfer, or to show otherwise how and why the note belonged to the plaintiff; and also demurred upon the ground that the note was not a true and correct copy of the original note, in that it was not witnessed; and demurred generally upon the ground that the petition failed to set forth a cause of action.

1. The petition was not subject to the general demurrer, and it was not error on the part of the court to permit the amendment perfecting the copy of the note so as to remedy the defects pointed out by special demurrer. Civil Code, §§ 5681, 5682; *Ross* v. *Jordan,* 62 *Ga.* 298 (2). Where the substance of the note sued on is set out in the petition, and the names of the maker and of the payee, and its amount, date, and time of payment are stated, there is enough to amend by. *Merritt* v. *Bagwell,* 70 *Ga.* 580; *Hardee* v. *Lovett,* 83 *Ga.* 206 (9 S. E. 680). A petition in a suit upon a promissory note, which is defective because the allegations as to the transfer of ownership from the original payee are insufficient to show the plaintiff's right to maintain the action, may be cured by an amendment which specifically sets forth the written transfer upon which the alleged transferee relies.

2. As to the omission to include in the copy of the note attached to the petition the name of the witness, the statement last made is also applicable. Under the rule laid down in *Merritt* v. *Bagwell,* supra, it may be stated in general terms that where there is attached to the petition in an action upon a promissory note what purports to be a copy of the note, any words appearing in the face of the original note, or any indorsements thereon which have been omitted from the attached copy, may be supplied by timely amendment.

3. On the trial the defendant's mother testified that she had paid to one Griffith, an agent of the plaintiff, $50, upon an express understanding and agreement, sanctioned by the plaintiff himself over the telephone, that this sum was received in full settlement of all demands, either by note or account, against her son; and there was put in evidence a receipt reading as follows: "Received of J. R. Bray $50 to cover notes in full and accounts. 12/20/07. [Signed] J. H. Griffith, for N. D. Arnold." It is not necessary to review the testimony in detail. It suffices to say that the issue was contested as to whether this receipt included the note in question. The defendant and the plaintiff alike agreed that there had been an effort to arrive at a settlement of all matters of account between them, and that $50 was the amount of the defendant's indebtedness, according to the items under consideration at the time of the settlement, and that this amount was paid by Mrs. Bray, the mother of the defendant; but the evidence of the plaintiff and of the witnesses who testified in his behalf, that this note was overlooked and

not included in the matters considered at the settlement, was not positively denied, even by the defendant himself. The evidence was such that the trial judge, sitting without a jury, was authorized to find that the note in question was not in the mind of the parties at the time of the settlement, was not included therein, and was not affected by the receipt, although the last-named paper was given long after the maturity of the note.

There is no complaint of any error of law in the conduct of the trial, or in any ruling upon the testimony; and since there was ample evidence to support the finding of the trial judge upon the facts, his judgment is conclusive.          *Judgment affirmed.*