## 10218. DANIELS v. BOOKER.

JENKINS, J. 1. A petition is duplicitous where it seeks to join in the same count an action for damages occasioned by the breach or partial breach by defendant of a written contract, together with. an action on open account; and, while it may be good as against a general demurrer, it will not stand as against a special demurrer pointing out such defect. *Harris* v. *Wilcox,* 7 *Ga. App.* 121 (66 S. E. 380); *Hillside Cotton Mills* v.-*Ellis,* 23 *Ga. App.* 45 (4) (97 S. E. 459), and cases there cited.

2. After the petition in this case had been amended so as to set forth the two causes of action in separate and distinct counts, the count claiming damages was properly held by the court to set out a good cause of action under the allegations made as to performance on the plaintiff's part and partial breach on the defendant's part of the express terms of the written contract, whereby. it had been mutually agreed that the defendant was to cut and deliver for sawing at the plaintiff's mill *all* the timber on a certain described tract of land, and the plaintiff was to remove his mill to the said tract of land and was to saw- all of the timber which the defendant had thus obligated himself to-cut and deliver. *Anderson* v. *Hilton & Dodge Co.,* 121 *Ga.* 688 (49 S. E. 725).

3. Under the allegations of the petition as originally made, almost all of the claim entered for items owing on account was subject to demurrer on the additional ground that such items appeared to be barred under the statute of limitations. This defect was, however, cured by the amendment setting up such claim under a separate and distinct count, wherein additional facts were alleged, showing that the account was a mutual one, being based upon a course of mutual dealings between the parties, wherein each had extended credit to the other on the faith of the indebtedness owing on both sides. Civil-Code (1910), § 4363. While it is true that where the original petition entirely fails to set forth a cause of action, there is nothing to amend by (*Davis* v. *Muscogee Manufacturing Co.,* 106 *Ga.* 126, 32 S. E. 30), still it cannot be said that the claim as originally made entirely failed to set forth a cause of action, but, in the absence of such additional averments, the plaintiff's remedy was merely unavailable when properly objected to, and it was not improper to allow the details and circumstances of the particular transactions to be amplified or varied by amendment (*Eagle & Phenix Mills* v. *Muscogee Manufacturing Co.,* 129 *Ga.* 712 (2), 59 S. E. 804), so as to set up the additional facts showing the mutuality of the account such as would prevent the bar by limitation from attaching; especially so where the bill of particulars showing the

items òf account as attached to the original petition might reasonably indicate that such was the original design of the pleader. ' *Verdery* v. *Barrett,* 89 *Ga.* 349 (15 S. E. 476); *Thornton* v. *Jackson,* 129 *Ga.* 700 (3, 4) (59 S. E. 905); *Thornton* v. *Nichols,* 119 *Ga.* 50 (45 S. E. 785); *Shumate* v. *Ryan,* 127 *Ga.* 118, 119 (56 S. E. 103).

4. The defendant says, however, that the plaintiff ought not to be allowed to set up by amendment the additional facts showing the mutuality of the account, for the reason that the original petition says that the defendant breached his contract, by discontinuing to cut and deliver the logs on August 1, 1913, and that paragraph 8 of the original petition, setting up the claim on account, makes the statement that the sum sued for on account was due at the time the contract was breached, although the bill of particulars as attached both to the original and the amended petition shows on its face that the last items of the account accrued at a date subsequent to that alleged as the time of such breach and at a time within the statute; the contention being that the original · · claim on account‾ offers nothing to amend by, since, construing the petition against the pleader, even the last items thereof were themselves barred. The amendment struck the original paragraph 8, and the amended count does not contain any statement that all of the items of account had accrued on the date. that the contract is alleged to have been breached. *Held:* Even if under the original petition the specified dates of the different items would have to give way to the statements as made in different portions of the petition when taken and construed together, still it was within the province of the judge to allow the amendment striking one of such original statements, so that its only remaining effect would be that such stricken statement could still be taken and considered by the jury along with the other evidence in the case as an admission made under the original pleadings (*Lydia Pinkham Medicine Co.* v. *Gibbs,* ·108 *Ga.* 138, 33 S. E. 945); since the limitation laws (except certain provisions of the special act of 1869) act only upon remedies and do not extinguish rights (*Comer* v. *Allen,* 72 *Ga.* 1; *Langston* v. *Aderhold,* 60 *Ga.* 376; *Lane* v. *Newton,* 145 *Ga.* 810, 89 S. E. 1083), and such an amendment did not have the effect of changing the cause of action. *Ross* v. *Jordan,* 62 *Ga.* 298; . *Cheney* v. *Dalton,* 46 *Ga.* 401; *Hardee* v. *Lovett,* 83 *Ga.* 203 (9 S. E. 680). The judge did not err in refusing to strike either count of the petition as amended.

            *Judgment affirmed. Wade, C. J., and Luke, J., concur.*    '

                  DECIDED APRIL 19, ·1919.

Complaint; from city court of Blakely—Judge Sheffield. August 22, 1918.

*L. M. Rambo,* for plaintiff in error. *A. H. Gray,* contra.