## 51599. PRICE v. GUARDIAN MORTGAGE CORPORATION.

WEBB, Judge.

Guardian Mortgage Corporation filed suit against Robert Price on a promissory note, a copy of which was attached to the complaint as an exhibit. No answer was filed and a default judgment was entered for the unpaid principal sum and attorney fees. Price filed a motion to set

the judgment aside, contending that there was a nonamendable defect on the face of the pleadings in that the note was usurious under Code Ann. Ch. 57-2, which deals with secondary security deeds. At the hearing it was urged as an additional ground of the motion that the note attached to the complaint was not signed by Price and hence presented no claim for relief. The motion was denied, and this appeal followed.

1. "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings. To be subject to motion to set aside, it is not sufficient that the complaint or other pleading fail to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." CPA § 60 (d) (Code Ann. § 81A-160 (d)).

2. (a) "It is not correct practice to attach to a plea as exhibits original documents which will be relied on as evidence. Copies, not original papers, should be used as exhibits to pleadings." *Johnson v. American Nat. Life Ins. Co.,* 134 Ga. 800 (6) (68 SE 731). Under this ruling the fact that an unsigned copy of the note was attached to the complaint does not affirmatively show that no claim in fact existed.

(b) In any event, the complaint with a copy of the note attached as an exhibit could have been amended to show Price's signature. *Horton v. Smith,* 12 Ga. App. 232 (77 SE 9). Accord, *Bray v. Arnold,* 14 Ga. App. 221, 222 (1, 2) (80 SE 669). Accordingly the defect, if any, was not nonamendable.

3. The motion to set aside alleges that the note provides for the acceleration of *unearned* interest upon default. However, the two acceleration clauses provide: (1) "the entire unpaid principal sum evidenced by this note, *and interest*" shall be due upon default, and (2) "the entire unpaid balance of the within indebtedness, *including interest*" shall be due upon bankruptcy, etc. (Emphasis supplied.)

Does the term "interest" mean earned and accrued interest, or does it mean unearned and unaccrued interest? Only if the note accelerates the payment of unearned interest could it be said to be usurious within

the meaning of cases such as *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96 (205 SE2d 110), affd. 232 Ga. 637 (208 SE2d 454). The construction which will uphold a contract in whole and in every part is to be preferred. Code § 20-704 (4). "An intention contrary to the law should not be read into a contract by placing such a construction upon a provision therein, when the provision is just as susceptible of a construction that will show a lawful intention on the part of the parties." *Southern Loan Co. v. McDaniel,* 50 Ga. App. 285, 286 (177 SE 834). We accordingly hold that the term "interest" as used in the acceleration clauses means earned and accrued interest so that the 6% note is not usurious under Code Ann. § 57-202 (d).

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED JANUARY 14, 1976 — DECIDED JANUARY 23, 1976 — REHEARING DENIED FEBRUARY 9, 1976.

*Gershon, Ruden, Pindar & Olim, Jay E. Loeb,* for appellant.

*Storey & Obenschain, Robert W. Storey, Samuel L. Obenschain, Jr.,* for appellee.