## 52315. BULLOCK v. GROGAN et al.

McMurray, Judge.

Plaintiffs Grogan and Queen sued defendants Bullock and the Commercial National Bank of Cedartown for possession of certificate of deposit no. 11635 dated October 1, 1972, issued to William R. Bullock and "Payable on death" to Grogan and Queen the amount of said deposit plus interest. Both defendants answered separately denying the complaint, but defendant Bullock also answered subject to her motion to dismiss for lack of jurisdiction, contending she is a resident of Floyd County, Georgia, and also contending that the subject matter of the litigation is now pending between the same parties in the Floyd Probate Court which has been appealed to the Floyd Superior Court.

Thereafter, the court issued a final order in which it stated that the parties orally submitted the matter to the court for a decision and judgment *on the pleadings.* The court then found as a matter of fact that the plaintiffs are the legal and equitable owners of the certificate of deposit. It entered judgment on August 15, 1975, in favor of the plaintiffs, that is, for Bullock to deliver possession of the certificate of deposit and the bank to pay to the plaintiffs the face value of the certificate with all accrued interest.

Thereafter, the defendant Bullock filed a motion styled for new trial and motion for reconsideration praying that the order in favor of plaintiffs be vacated and judgment entered in her favor declaring the certificate of deposit to be the property of William R. Bullock. This was served on the 21st of August and filed on August 28, 1975. On the 11th day of September, 1975, the court set the matter down for a hearing on the 21st day of September, 1975, at which time it was denied. Defendant appeals. *Held:*

1. There being no verdict and judgment based on testimony of witnesses, a motion for new trial was not in order here. See Code Ann. § 81A-160 (c) (§ 60 CPA); *Windsor Forest, Inc. v. Rocker,* 121 Ga. App. 773 (1) (175 SE2d 65); *Johnson v. Cleveland,* 131 Ga. App. 560, 561 (1) (206 SE2d 704).

2. But the motion otherwise states it is for reconsideration and to vacate and set aside the judgment against the defendant and declare the certificate of deposit the property of the estate of William R. Bullock. The motion then seeks to set out facts showing why the certificate of deposit would belong to the estate and not to the plaintiffs. Had the motion been made to vacate and set aside for lack of jurisdiction of the parties as raised by her original motion, same might have been good in that the pleadings were insufficient to authorize the court to grant judgment on the pleadings. Under Code Ann. § 81A-160 (d), supra, it is not sufficient that the complaint or other pleadings failed to state a claim upon which relief can be granted. The pleadings must affirmatively show that no claim in fact existed. This the motion does not do, nor does it attempt to show that the court was without jurisdiction of the subject matter or the parties as defendant previously sought to do in her denial of jurisdiction. *Price v. Guardian Mortgage Corp.,* 137 Ga. App. 519 (1) (224 SE2d 451). Accordingly, we must affirm the judgment.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED JUNE 8, 1976 — DECIDED
JUNE 17, 1976.

*Jones, Robbins & MacLeod, James A. Robbins, Jr., Richard J. MacLeod,* for appellant.

*Gammon & Anderson, Wayne Gammon,* for appellees.