## 55659. GRAY v. COUSINS MORTGAGE & EQUITY INVESTMENTS.

DEEN, Presiding Judge.

This is an appeal from the grant of a partial summary judgment against the appellant, a guarantor on a note given by the principal, Holcomb Bridge Road Corp., to the appellee and secured by a deed to secure debt to certain property purchased with the proceeds of the note. The only question is whether, construing the guaranty contract, note, and deed to secure debt together, an action may be brought against Gray on default for the balance due, or whether the lender's only remedy is to first foreclose the loan deed, sell the property, and then proceed against Gray for a deficiency judgment. It should be noted at this point that the guarantors are, according to an undisputed affidavit in this record, the true owners of the property, that the borrower, Holcomb Bridge Road Corp., is apparently a dummy corporation, and that its owners of record are in fact members of a law firm supplying legal services. It is admitted that all documents limit the corporation's potential liability to whatever the land might bring at foreclosure sale after default.

The guaranty contract, considered alone, is clear that Gray becomes liable on default. The guarantors for value "unconditionally guarantee the full and prompt payment when due. . . of. . . all. . . indebtedness evidenced by the attached Real Estate Note. . . If any payment required under the terms of the Note is not made when due, whether by acceleration or otherwise, the undersigned will pay the same immediately to the Holder of the Note. . . Lender shall be under no duty to undertake to collect

upon such [aforementioned] collateral or any part thereof and shall not be liable for any negligence or mistake in judgment in handling or failure to collect such collateral. . . All of said parties may be sued together, or any of them may be sued separately without first or con-. temporaneously suing the others; and there shall be no duty or obligation upon the Lender to proceed against Borrower. . . or the property or collateral securing the Note before bringing suit or instituting proceedings of any kind against the undersigned or any of them." Under this and similar language a clear inference arises that the intent of the parties was to permit an action against either or both guarantors on default for the entire amount owing.

The appellant's contention is based on the following language in the guaranty contract: "The undersigned agree that the terms, conditions, agreements and stipulations of the Note shall be and become a part of this guaranty . . ." Both the note and security deed contain the following: "Notwithstanding anything to the contrary, Holder agrees that in the event of default hereunder, or under any other instrument executed in connection herewith, it shall in no event be entitled to seek and shall not seek any deficiency against Holcomb Bridge Road Corporation. In such event, Holder shall be limited to a recovery solely from the Property, improvements thereon, leases, rents and personal property conveyed to the Payee by the said Mortgage, Assignment of Lessor's interest in Lease and Security Agreement and the proceeds of foreclosure sale or sales of the Property or other security held by the Holder as security for payment of this Note, and to a recovery against obligors other than Holcomb Bridge Road Corporation, including any Guarantor, for any resulting deficiency."

Do the words "for any resulting deficiency" mean a deficiency following foreclosure sale, or do they mean a deficiency in payment of the amount owed following default? If this sentence stood alone, a genuine ambiguity of meaning might be held to exist. But the words apply to the guaranty contract by reference only, and the guaranty contract specifically stipulates that upon default that appellant will pay *immediately* and the lender shall be under no duty to undertake to collect any part of the sum

out of the collateral. A construction which will uphold all parts of the contract is to be preferred to one which gives rise to contradictions and lack of meaning (*Price v. Guardian Mtg. Corp.,* 137 Ga. App. 519 (224 SE2d 451) (1976)), and a reasonable construction is preferred to one which is unreasonable. St. Regis Paper Co. v. Aultman, 280 FSupp. 500. If the parties had intended to limit an action against the guarantors to whatever deficiency might remain after all other efforts to collect the amount owing had failed, the guaranty contract would not have contained a clause requiring immediate payment by the guarantor on default, or a clause specifically removing any duty on the holder to undertake to collect the amount out of the collateral. Indeed, the language above quoted is emphasized a second time in the guaranty contract in the following language: ". . . and there shall be no duty or obligation upon the Lender to proceed against Borrower or exhaust any remedy against Borrower or the property or collateral securing the Note before bringing suit. . .against the undersigned. . ." Any other construction of these documents would render the above language absolutely meaningless. Such a construction is not to be adopted. "The construction which will uphold the contract in whole and in every part is to be preferred, and the whole contract is to be looked to in arriving at the construction of any part. Ga. Code § 20-704 (4)." *Redman Dev. Corp. v. Piedmont Heating &c. Inc.,* 128 Ga. App. 447, 450 (197 SE2d 167) (1973).

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED APRIL 3, 1978 — DECIDED APRIL 28, 1978 — REHEARING DENIED MAY 12, 1978 — CERT. APPLIED FOR.

*Sutherland, Asbill & Brennan, William R. Patterson, J. D. Fleming, Jr.,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Carl E. Sanders, John J. Dalton, William G. McDaniel,* for appellee.