# Court of Appeals
# of the State of Georgia

ATLANTA, February 13, 2020

*The Court of Appeals hereby passes the following order:*

**A20A0725. CHASITY L. RUSSELL v. TARA LYNN KENDALL.**

Chasity L. Russell filed a direct appeal from the trial court's order denying her "Motion for New Trial, Motion to Reconsider or in the Alternative Motion to Vacate/Set Aside Order" (the "Motion"). For the reasons discussed below, Russell's appeal is hereby DISMISSED for lack of jurisdiction.

The record reflects that on February 20, 2014, Russell filed suit against Tara Lynn Kendall for personal injuries and damage to her vehicle caused in an automobile collision. Kendall filed a motion to dismiss Russell's complaint on the ground that the statute of limitation expired after the filing of the suit and Russell had not perfected service on her. Russell opposed the motion, contending that exhibits attached to her opposition brief reflected that she had exercised due diligence in attempting to serve Kendall. On November 23, 2015, the trial court granted Kendall's motion to dismiss, ruling that "after having considered the pleadings of the parties and considering the entire record," the limitation period had expired, Kendall had not yet been served, and Russell had failed to exercise due diligence in serving Kendall (the "November 2015 Order"). Russell did not file a notice of appeal from the November 2015 Order. On December 18, 2015, during the same term of court,[1] Russell filed her Motion in which she requested that the trial court exercise its

---

[1] Russell filed her lawsuit in the Superior Court of Paulding County, and the terms of court for that county are the second Monday in January and July. See OCGA § 15-6-3 (31.1).

1

discretion and vacate/set aside its November 2015 Order, grant a "new trial," and reconsider whether she exercised sufficient due diligence in seeking to perfect service. On January 23, 2018, the trial court denied Russell's Motion (the January 2018 Order"). On February 21, 2018, Russell filed a notice of appeal.

"This Court has a duty to inquire into its jurisdiction to entertain each appeal." *Hammonds v. Parks*, 319 Ga. App. 792, 793 (2) (735 SE2d 801) (2012). "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Sands v. Lamar Properties*, 159 Ga. App. 718, 719 (285 SE2d 24) (1981). Russell did not file a notice of appeal from the trial court's November 2015 Order dismissing her complaint, which constituted a final judgment and was directly appealable within 30 days of its entry. See OCGA § 5-6-34 (a) (1); 5-6-38 (a). Instead, Russell filed her Motion that she styled in part as a motion for new trial, which, when timely filed, extends the time for filing a notice of appeal. See OCGA § 5-6-38 (a). But "[w]here a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing the notice of appeal." *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986). Generally, a party cannot move for new trial if no trial has been had. See *Debter v. Stephens*, 297 Ga. 652, 652 (777 SE2d 244) (2015) (a motion for new trial is not a proper vehicle for challenging the grant of summary judgment); *Serwitz v. Gen. Elec. Credit Corp.*, 174 Ga. App. 747, 748 (1) (331 SE2d 95) (1985) ("[B]ecause the judgment in this case was not based upon the testimony of witnesses, a motion for new trial was not in order."); *Bullock v. Grogan*, 139 Ga. App. 97, 97 (1) (227 SE2d 894) (1976) ("There being no verdict and judgment based on testimony of witnesses, a motion for new trial was not in order here."). Given that there was no bench trial or evidentiary hearing in the first instance in this case, a motion for new trial was not the appropriate vehicle for challenging the trial court's ruling, and thus the Motion did not operate to extend the time for filing an appeal. See *Pillow*, 255 Ga. at 684.

Additionally, while Russell's Motion also was styled in part as a motion to

2

vacate or set aside a judgment, motions are construed according to their substance and function, not merely their nomenclature. *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006). Russell's Motion does not rely upon any of the grounds for setting aside a judgment under OCGA § 9-11-60 (d), and her Motion therefore cannot be construed as a motion to vacate or set aside a judgment under that statute. See *Bell v. Cochran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). Furthermore, even if Russell's Motion could be construed as a motion to set aside a judgment under OCGA § 9-11-60 (d), the denial of such a motion is appealable only by the grant of a discretionary application, which Russell did not pursue in this case. See OCGA § 5-6-35 (a) (8); *Bruno v. Light*, 344 Ga. App. 799, 800, n. 4 (811 SE2d 500) (2018).

In substance, irrespective of how it was styled, Russell's Motion called upon the trial court to exercise its discretion to set aside or vacate the November 2015 Order that was still within the breast of the court and reconsider whether Russell exercised sufficient due diligence in seeking to serve Kendall. Hence, Russell's Motion constituted a "discretionary" motion to set aside or reconsider the November 2015 Order, and the denial of such a motion is not itself appealable and does not otherwise extend the time for filing an appeal. See *Bell*, 244 Ga. App. at 511; *Stone v. Dawkins*, 192 Ga. App. 126, 127 (384 SE2d 225) (1989); *Savage v. Newsome*, 173 Ga. App. 271, 271-272 (326 SE2d 5) (1985).

Because Russell's notice of appeal is untimely as to the trial court's November 2015 Order, and the trial court's January 2018 Order was not directly appealable, we lack jurisdiction to consider the merits of Russell's appeal. See *Bell*, 244 Ga. App. at 511. Accordingly, this appeal is DISMISSED. See id.

3



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 02/13/2020*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

      *Stephen E. Castlen*  , *Clerk.*

4