| 44   161.
f111 459

JAMES M. AUSTIN, plaintiff in error, *vs.* WILLIAM MARKHAM, defendant in error.

1. A motion to reinstate a case, made at a term subsequent to that at which the judgment of dismissal was had, stands on the footing of a motion for a new trial, and requires the same excuses for a delay as is required in motions for new trial after the term has passed.
2. If a discharge in bankruptcy be pleaded, the Court cannot dismiss the cause on that ground, but must submit the issue to a jury. (R.)
3. A promise to pay a debt due by an applicant to be declared a bankrupt, in consideration that the payee will withdraw his objections in the Bankrupt Court to the discharge of the bankrupt, is illegal and void, and no action can be sustained on such promise.

New Trial. Bankruptcy. Contracts. Before Judge WRIGHT. Fayette Superior Court. April Term, 1871.

Markham sued Austin for $......... and interest, averring as follows: He obtained a judgment against Austin. Afterwards Austin filed his petition in bankruptcy, and was declared a bankrupt under the Bankrupt Act of 1867. Markham proved this judgment as a debt against Austin's estate, and when Austin applied for his discharge in bankruptcy, opposed it. In consideration of the premises and of Austin's promise to pay him the sum now sued for, if Markham would withdraw his opposition to said discharge, Markham

did withdraw it, and Austin was discharged; and yet Austin refuses to pay said sum. Austin pleaded his said discharge in bar of this suit. Markham replied, a promise since said discharge. Judge Bigby dismissed the cause because of said discharge. At the next term, Markham's counsel averred that said cause was called on the last day of the Court, after the juries were discharged, and after he had left the Court, and moved to reinstate it. Judge Wright reinstated it, and that is assigned as error.

R. T. DORSEY; HUGH BUCHANON, for plaintiff in error.

TIDWELL, FEARS & ARNOLD, for defendant.

McCAY, Judge.

1. We are inclined to think this motion to reinstate came too late. If the Court erred in dismissing the suit, was it not a simple error of law? And, if so, why is not the movant barred by his failure to except to the decision, as required by the Code, within thirty days after the adjournment of the Court? A Court may, at the next term, hear such a motion when the judgment was based upon some mistake of fact or fraud, etc., but even then there ought to be some reason why the motion to reinstate was not made at the term. But if the error be simply an error of law, it would seem that there ought to be the same excuse for delay as is required to excuse delay in a motion for new trial.

2. Were this an action on the promissory note, which is the debt promised to be paid, we should not be so clear that the production of the certificate of discharge would authorize the Court to dismiss the suit. Why is *this* plea in bar different from any other plea? Is there anything in such plea which divests the jury of jurisdiction? Why is not the *fact* of discharge a matter to go to the jury, just like any other fact? True, it is conclusive when made out, but so is payment or *non est factum.*

3. But this is an action on the promise of the defendant to pay this note, in consideration that the plaintiff would withdraw his opposition to the defendant's discharge as a bankrupt. This is set forth in the declaration. Such a promise is illegal and void, by the positive provisions of the bankrupt law of 1867. And even without this it would be void ; such a promise is a fraud upon the other creditors, and is contrary to public policy. The plaintiff's suit was, therefore, properly dismissed, and it was error in the Court to reinstate it.

Judgment reversed.