THE HANOVER NATIONAL BANK OF THE CITY OF NEW YORK, APPELLANT, v. SARAH F. BLAKE, RESPONDENT.

*Fraud — a composition with creditors — a secret agreement with a creditor as to part, avoids all his securities.*

In April, 1888, the firm of F. D. Blake & Co. became insolvent and made a general assignment. In June, 1888, their creditors signed a composition agreement consenting to take forty per cent of their respective claims, to be paid in four notes of the firm, payable at different dates, of which the two notes last payable were to be indorsed by Sarah F. Blake.

The Hanover National Bank of the city of New York, a creditor, desired to have the security of Mrs. Blake's name upon all the four notes given to it; and this was done without the knowledge of the other creditors who signed the agreement.

In an action brought by the bank upon the third note, which was, under the agreement, to have been indorsed by Mrs. Blake, she defended upon the ground of the secret agreement and the giving of the further security thereunder, and recovered a verdict.

Upon an appeal by the plaintiff:

*Held,* that the corrupt agreement vitiated the whole series of notes held by the bank, and that it could not recover even upon the third note, although that note was required by the agreement to be indorsed by Mrs. Blake.

That, to hold otherwise would encourage a creditor to seek an improper advantage by obtaining further security, because he could still rely upon holding his original security in any event, and would be only in danger of losing that which he had wrongfully secured.

APPEAL by the plaintiff, the Hanover National Bank of the city of New York, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 9th day of May, 1892, after a trial before the court and a jury at the New York Circuit, where a verdict was directed for the defendant; and also from an order, entered in said clerk's office on the 25th day of May, 1892, denying a motion by the plaintiff for a new trial.

*Thomas S. Moore,* for the appellant.

*C. Bainbridge Smith,* for the respondent.

O'BRIEN, J. :

There is presented on this appeal a sole question of law upon admitted facts, from which it appears that, in the spring of 1888, Frederick D. Blake and Charles Waterman were partners, engaged in the dry goods business under the firm name of F. D. Blake & Co. They were deeply indebted to various creditors, including the plaintiff, and becoming insolvent executed a general assignment of all their property to James H. Thorp on the 24th of April, 1888. On the 4th of June, 1888, the creditors of F. D. Blake & Co. signed a composition agreement by which they agreed to take forty per cent of their respective claims, to be paid by four notes made by the members of the firm, each for ten per cent of the claim, two payable in six and twelve months, and two in eighteen and twenty-four months, the latter two indorsed by Sarah F. Blake.

The Hanover Bank, desiring to have the security of Mrs. Blake upon all the notes, asked that she indorse the first two as well as the last two, which she did. This was not known to the other creditors,

and was a security additional to that provided by the terms of the composition agreement.

The note in suit is the *third* of the series, payable in eighteen months, and properly indorsed by Mrs. Blake in accordance with the composition agreement.

Upon these undisputed facts both counsel at the trial moved for judgment, which the court directed for the defendant, to which exceptions were duly taken, thereby raising the question of law presented on this appeal, which is : Did the secret agreement by which Mrs. Blake indorsed the first two notes invalidate the whole composition agreement, so that notes given in pursuance of its terms are not enforceable by plaintiff ?

We regard the law as well settled that, with respect to Mrs. Blake's indorsement upon the first two notes, it was void and inoperative. But it will be noticed that the note now in suit, the third note, is one which, under the terms of the composition, was to bear her indorsement.

Upon this question, whether the secret and fraudulent agreement under which the additional security was obtained upon the former notes extends to and invalidates the note in suit, it is impossible to reconcile either the authorities or *dicta* of judges writing opinions in analogous cases. Thus, *White* v. *Kuntz* (107 N. Y., 518) ; *Breck* v. *Cole* (4 Sandf., 79) ; and, in England, the case of *Feize* v. *Randall* (1 Esp., 224 ; 6 T. R., 146) are relied upon by the plaintiff to support the view stated in the opinion in *Breck* v. *Cole* (*supra*) that : " Whenever a composition is made with creditors, every agreement or arrangement by which an advantage is secured to any one or more of the creditors, which is denied to others, is a fraud upon the creditors from whom it is concealed, although it neither has nor can have the effect of depriving them of any portion of the amount which they had agreed to receive."

On the other hand, the cases of *Howden* v. *Haigh* (11 Ad. & Ellis, 1033 ; S. C., 39 E. C. L., 539) ; *Pendlebury* v. *Walker* (4 Y. & C., 424) ; *Higgins* v. *Pitt* (4 Welsb., Hurl. & Gord. Exch., 312) ; *Mallalieu* v. *Hogdson* (16 Ad. & El. [N. S.], 690 ; S. C., 71, E. C. L., 689) ; *Doughty* v. *Savage* (28 Conn., 146) ; *Frost* v. *Gage*, 85 Mass. [3 Allen], 560), are referred to as authority for the rule laid down by Chitty on Contracts (9 Am. ed., by Perkins, 694 ; 11 id., 1050), as follows :

"Where a debtor in embarrassed circumstances enters into an arrangement * * * with his creditors to pay them a composition upon their claims, * * * any private agreement between such debtor and one of the creditors, who professes to join in the general arrangement, that the former, or a third party for him, shall pay a further sum of money or give a better or further security than such as is provided for the other creditors, is void as a fraud on them. * * * Accordingly, if one creditor do make any such a stipulation in fraud of the other creditors, the effect thereof will be to destroy any security which may have been given to him, even for the legal amount of the composition. And it makes no difference that the stipulation in question did not originate with the creditor, but in the voluntary offer of the debtor himself, or of a third person on his behalf, or that the creditor has realized nothing under the agreement, for it is the mere fact of such an agreement having been made which constitutes a fraud." (See, also, *Leicester* v. *Rose*, 4 East, 372; *Sadler ex parte*, 15 Ves. Ch., 52; *Knight* v. *Hunt*, 5 Bing., 432.)

With the exception of the case in Connecticut, and that in Massachusetts above referred to, all the cases expressing a view similar to that formulated by Chitty are English decisions; and, so far as the decisions in the courts of this State are concerned, we can find no direct controlling authority upon the question presented by this appeal.

As against the *dicta* in *White* v. *Kuntz* (*supra*), upon which plaintiff seemingly places great reliance, from certain expressions of the learned judge in writing the opinion, are counter expressions, which we think are of equal weight, to be found in the opinion of the same court in *Solinger* v. *Earle* (82 N. Y., 397).

In the absence, therefore, of authority, it remains for this court to determine which of these two contrary views finds most support in principle and reason. This note in suit was received as part of an agreement which was unquestionably fraudulent. And it is only upon a theory that the agreement is divisible, that the note in suit could be unaffected by the taint of fraud imbuing the transaction.

The giving of the four notes, however, was unquestionably the result of a single fraudulent agreement, and, as fraud vitiated the agreement itself, it is difficult for us to determine upon what princi-

ple it could be applied to the first two notes, which were concededly incapable of enforcement, and stop at this the third note, because the amount herein provided and the security attached thereto were precisely what was intended by the composition agreement. Where fraud enters into an agreement like this, which is single and, as we think, indivisible, it must permeate the entire agreement, and one who is a party to such fraud cannot, after he has retained the fruits and results of his fraud, sustain a recovery for some portion of it which may have connected with it an element of a good and valid consideration. We are inclined, therefore, to adopt the view taken by the learned trial judge, among others, for the reason urged by the respondent, that if the rule that an additional security given " to a creditor, in violation of the terms of the composition, rendered the whole transaction with that creditor fraudulent and void, did not obtain, it would create one of the most alluring inducements to an unscrupulous creditor to commit a fraud not only upon the unfortunate debtor, but his other creditors, who signed the composition upon the faith that all were to share alike, for, in taking such security, the only risk he would run would be to lose the additional security while he would be assured of enjoying with the other creditors the amount secured under the composition. Such a doctrine is repugnant to common honesty, and instead of making the cunning contriver the victim of his clandestine agreement, as was said by Judge Story in his work on Equity Jurisprudence (1 id., par. 379), it would place him in a position where he would have everything to gain by his fraud and nothing to lose. The same principle was involved in *Baldwin* v. *Short* (125 N. Y., 553), and the observations of Finch, J., in delivering the opinion of the court, are apt and appropriate to the case at bar, he said : ' The contention that the conveyance to Mrs. Short may be sustained, to the extent of the adequate and honest part of the consideration, is fully answered by the authorities, which hold that where the deed is fraudulent against creditors it is wholly void and cannot stand to any extent as security or indemnity' (citing several authorities). " A different rule would put a premium upon fraud. Almost invariably some honest consideration is made the agency for floating a scheme of fraud against creditors, and if that may always be saved nothing is lost by the effort, and the temptation to venture it is increased."

We are of opinion, therefore, that the judgment should be affirmed, with costs and disbursements.

VAN BRUNT, P. J., and LAWRENCE. J., concurred.

Judgment affirmed, with costs and disbursements.