## THORNTON *v.* NICHOLS & LEMON.

1. The written acknowledgment of an existing liability, which in law is equivalent to a new promise to pay, must contain an unqualified admission of a present subsisting debt which the party is liable to pay, and not merely that the debt was once due.
2. The rule above stated is applicable to all admissions in writing relied on to relieve the bar of the statute of limitations, whether contained in pleadings or other writings.

3. When in a suit upon a debt which on its face is barred by the statute of limitations the plaintiff, in order to meet the defense of the statute, seeks to avail himself of a written acknowledgment of liability, the writing relied on should be set forth either literally or in substance.

4. In an action brought upon an account, where the plaintiff seeks to avoid the effect of the defense of discharge in bankruptcy by setting up a promise to pay since the discharge was granted, it is incumbent upon him to show that the promise was made both after the discharge was granted and before the suit on the account was brought.

Argued November 3, — Decided November 16, 1903.

Complaint. Before Judge Gober. Cobb superior court. April 27, 1903.

*J. Z. Foster*, *T. C. Battle*, and *W. I. Heyward*, for plaintiff in error. *O. E. & M. C. Horton*, contra.

COBB, J. Nichols & Lemon filed suit, on February 18, 1902, against Thornton, upon an account consisting of numerous items, the first being dated February 2, 1895, and the last January 26, 1900. There was apparently a balance due of $232.58, besides interest. The defendant demurred to the petition, setting up that all of the items prior to and including February 18, 1898, were barred by the statute of limitations. He also filed a plea of the statute of limitations, and of discharge in bankruptcy. To meet the demurrer the plaintiffs offered an amendment, alleging that the defendant had admitted in writing, in his plea to this petition, his liability on the claim sued on, the admission referred to being in the following words: "And now comes the defendant W. E. Thornton, and for plea and answer says that he does not deny opening the account sued on in favor of the plaintiffs alleged in paragraph 1 of the petition of plaintiffs; that there is a considerable portion of said account still unpaid by him. Defendant admits paragraph 2 of plaintiffs' petition." Paragraph 2 of the original petition sets forth the entire sum claimed, both principal and interest. The amendment also alleged that the defendant, after his discharge in bankruptcy, had "promised and agreed on more than one occasion" to pay plaintiffs the account sued on, and had in the bankruptcy proceeding admitted in writing his liability to plaintiffs for the sum of $105 for goods purchased during the years 1895, 1896, and 1897, in Acworth, Georgia, the liability and sums thus admitted constituting a part of the account sued on. The defendant demurred to the amendment in so far as it

related to the promise to pay after the discharge in bankruptcy, on the ground that it did not allege at what time the promise was made, nor whether it was made before or after the filing of the present suit, nor at what place, nor on what occasion, nor to whom made, nor the contents of the promise, nor the consideration, nor whether the same was verbal or in writing. The other portions of the amendment were demurred to on the ground that what was set up therein was not sufficient to relieve the bar of the statute of limitations. The plaintiffs then offered an amendment alleging that " defendant told J. L. Nichols, one of the plaintiffs, at the depot in Acworth, Georgia, and in plaintiffs' store at Acworth, Georgia, that he would pay petitioners' debt sued on in this case, since said defendant was discharged in bankruptcy." This amendment was allowed, and all the demurrers were overruled. The case proceeded to trial, and resulted in a verdict for the plaintiffs for the amount sued for. The defendant made a motion for a new trial, which was overruled, and he excepted, assigning error upon the judgment overruling the motion for a new trial, and also upon exceptions pendente lite filed to the judgment overruling the demurrers.

1, 2. All of the items in the account sued on of date prior to February 19, 1898, were on the face of the account barred by the statute of limitations. Unless the averments of the amendment are sufficient to relieve the bar, the demurrer should have been sustained as to these items. It has been held that an admission in a pleading of an existing liability is such a written acknowledgment as will amount to a new promise to pay. See *Roberts* v. *Leak*, 108 *Ga.* 806 (4), and cit. A written acknowledgment of a debt, in order to relieve the bar of the statute, must contain an unequivocal admission of a present subsisting liability, and not merely that the debt was once due. *Kelly* v. *Strouse*, 116 *Ga.* 875 (11). An admission in a pleading, to be good as an acknowledgment, must come up to this rule. It is clear that the admission here relied upon does not meet the requirements of this rule. At most it simply admits that there was once a liability to pay, and that a portion of the claim is still unpaid.

3. The defendant demurred to that part of the amendment which related to the admission of liability by the defendant in the bankruptcy proceeding, on the ground that it did not set out the

written admission referred to.    This objection was well taken. What was alleged was nothing more than the conclusion of the pleader, that the admission amounted to a new promise to pay. The admission should have been set out in hæc verba, or at least the substance of it should have been set forth, so that it could be determined as matter of law whether it amounted to an acknowledgment of an existing liability.    As to whether the inclusion by the bankrupt in his schedule of a barred debt would revive it and made it recoverable, it not being provable in the bankrupt court, see the notes in 1 Federal Statutes Annotated, p. 680. The amendment sought to connect the admission in the bankruptcy proceeding with the account sued on, by averring that the admission related to a portion of that account.    To take the case out of the statute, the acknowledgment must clearly refer to and identify the very debt in question ; and in order to do this, it is necessary to set forth the admission either literally or in substance. See *Hughes* v. *Treadaway*, 116 *Ga.* 669, and cit.

4.  Eliminating from the account the items which were barred, the right of the plaintiffs to recover other items which became due prior to the defendant's discharge in bankruptcy depended upon whether he had made a promise to pay after the discharge and before the filing of the suit.    It was held that a parol promise to pay a debt discharged in bankruptcy under the bankrupt act of 1867 was sufficient to revive a debt so discharged ; the moral obligation to pay the debt being a sufficient consideration for the promise, and there being no law requiring the promise to be in writing.    See *Ross* v. *Jordan*, 62 *Ga.* 298 ; *Weatherly* v. *Hardman*, 68 *Ga.* 592 ; Foster's Code of Bankr. Law, 89 ; Brand. Bankr. (3d ed.) § 391 ; Collier, Bankr. (4th ed.) 203.    The case was presented on the theory that if there was a parol promise to pay, the debt would be revived, it not being contended that there is anything in the bankrupt act of 1898 which would prevent this rule from applying to a discharge granted under that act.    The promise relied upon to revive the debt is contained in the testimony of the plaintiff Nichols, which is as follows : "I had a talk with defendant about what he owed me, since his discharge in bankruptcy.    He said that he never intended to beat me out of a cent, and that he would pay me all that he owed me.    He said that I had been so kind to him that he intended to pay me.    He

was speaking of the account sued on. The amount that he owed me was not mentioned. None of the items of the account sued on were mentioned. He just said he would pay me what he owed me, but didn't say how much it was." Even if this testimony was sufficient to identify the debt with that certainty which the law requires, it nowhere appears that the promise was made before the present suit was filed. With the plea of discharge in bankruptcy in and proved, the burden was upon the plaintiffs to show, not only that the promise was made since the discharge, but also that it was made before the suit on the account was filed.

The judgment must be reversed on the ground that the court erred in overruling the demurrer so far as the same related to the items of the account which were contracted more than four years before the filing of the suit, and because the court erred in refusing to grant a new trial as to the items contracted prior to the discharge and not barred by the statute of limitations.

*Judgment reversed. All the Justices concur.*