## DICKS v. ANDREWS, administratrix.

1. A promise to pay a pre-existing debt, made by a bankrupt after his adjudication as such, but before his discharge, will not be impaired by a subsequent discharge.

2. If a note was made and delivered to an attorney for his client, and delivered by him to the client, being payable on its face to the attorney or bearer, the absence of a consideration between the attorney personally and the maker of the note would not affect its status, but the question would turn upon whether there was a valid consideration as between the client and the maker.

3. If a bankrupt gave to one of his creditors a note for the balance of the debt due such creditor in excess of the amount which was to be accepted by creditors in a composition, in consideration that such creditor would join in the composition and not oppose it or its confirmation, and the transaction was withheld from the knowledge of the other creditors, such consideration would be illegal, and the creditor receiving the note could not enforce its payment by suit.

4. If such an agreement for a secret preference was made, and a note was given in consideration and consummation thereof, it was not rendered valid by being signed before the composition, but dated in advance and left with another person to be delivered after the composition was completed, and so delivered.

5. Under the facts disclosed by the evidence, it was error to charge that if the jury believed that the debt of the creditor to whom the note was given was bona fide claimed to be a fiduciary debt, that is one against which a discharge in bankruptcy would not be a protection, and that the attorneys of the bankrupt, in view of that contention, advised him to pay the debt as a fiduciary one, and that thereupon he signed the note, and the fiduciary character of the debt was the moving consideration, then the note was not illegal, but was valid.

(a) There was no evidence on which to base a hypothesis that the debt was in fact of a fiduciary character.

(b) The charge made the validity of the note depend upon whether there was a bona fide contention that the original debt was fiduciary in

character, and whether this was the moving consideration for giving the note; and neither here nor elsewhere in the charge was the question submitted to the jury as to whether the note was given in consummation of an agreement for a secret preference to one creditor of the bankrupt, in consideration that he would join in a composition and not oppose its making or confirmation.

Argued January 8,—Decided May 13, 1909.

Complaint. Before Judge Hammond. Richmond superior court. April 20, 1908.

*B. B. McCowen,* for plaintiff in error. *W. H. Fleming,* contra.

LUMPKIN, J. A suit was brought on a promissory note. The presiding judge held that the defendant's answer raised no issuable defense, and entered judgment against him. This judgment was reversed. 129 *Ga.* 756 (59 S. E. 782). On the second trial, the defendant amended his answer and set up several pleas. A verdict was rendered against him, a new trial was refused, and the case is again here for review.

1, 2. The ruling made in the first headnote is controlled by the decision in *Moore* v. *Trounstine,* 126 *Ga.* 116 (54 S. E. 810), where the case of *Thornton* v. *Nichols,* 119 *Ga.* 50 (45 S. E. 785), is considered and explained. The second headnote requires no elaboration.

3. The controlling question in the case is whether the consideration of the note was illegal, and therefore the note was uncollectible. The presiding judge charged the jury as follows: "I charge you that if you believe from the evidence that the debt due Andrews was bona fide claimed to be a fiduciary debt,—that is to say, one against which a discharge in bankruptcy would not be a protection, and that the attorneys of Dicks & Brother, in view of that contention, advised Dicks to pay the debt as a fiduciary one, and that thereupon Dicks signed the note sued on, and that the fiduciary character of the debt was the moving consideration, then the note in this case is not illegal, but is valid." Nowhere in his charge did he submit to the jury the question whether the note was given in consideration of an agreement under which Andrews was to receive a secret preference or advantage over other creditors who were parties to the composition in bankruptcy, or was delivered in consummation of such an agreement, although that question was raised by the pleadings and evidence. He made the entire case turn on whether there was a bona fide claim that the debt

due to Andrews was of a fiduciary character, and whether, in view of that contention, Dicks was advised to give the note, and did so. There was no evidence whatever that the debt due by Dicks & Brother to Andrews was in fact of a fiduciary character, within the meaning of the bankrupt law. Bankrupt act, 1898, c. 541, §17, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428); Bump on Bankruptcy (11th ed.) 71; Ibid. 691, 693. See also Collier on Bankruptcy, §17, par. 4, p. 229; Crawford v. Burke, 195 U. S. 176 (25 Sup. Ct. 9, 49 L. ed. 147); Hennequin v. Clews, 111 U. S. 676 (4 Sup Ct. 576, 28 L. ed. 565). If the expression employed by the judge, "and that the fiduciary character of the debt was the moving consideration," referred to an actual fiduciary character, it was without evidence to support it. If it meant that a mere claim that the debt was of a fiduciary character, whether it was so or not, would render the note valid, without regard to whether the giving of a secret preference to one creditor over others, in order to carry through a composition, entered into the consideration, it was not a correct statement of the law. Mere claims of a creditor, whether bona fide or not, that a debt is fiduciary in character do not make it so. The charge left out of view a vital question in the case, and it was nowhere else submitted to the jury.

Section 12, par. b, of the bankrupt act of 1898 provides that "An application for the confirmation of a composition may be filed in the court of bankruptcy after, but not before, it has been accepted in writing by a majority in number of all creditors whose claims have been allowed, which number must represent a majority in amount of such claims, and the consideration to be paid by the bankrupt to his creditors, and the money necessary to pay all debts which have priority and the cost of the proceedings, have been deposited in such place as shall be designated by and subject to the order of the judge." Paragraph d provides that "The judge shall confirm a composition if satisfied that . . the offer and its acceptance are in good faith and have not been made or procured except as herein provided, or by any means, promises, or acts herein forbidden." See also §29. This contemplates the payment of debts which have priority, and the payment to creditors not having priority of the amount agreed upon in writing to be accepted by the creditors and approved by the court. Creditors claiming to have securities or priorities can only prove such debts and have

them allowed, for the purpose of receiving dividends, for such sums as may seem to the court to be owing over and above the value of their securities or priorities. Bankrupt act, 1898, §57, e. The fiduciary character of a debt does not ipso facto create a lien. Fiduciary debts are not discharged in bankruptcy. But this is not a suit brought upon the original debt as being of a fiduciary character, and hence not discharged. It is a suit on a note given for the balance of the creditor's claim in excess of the amount received by him under the composition. The debt appears to have been proved in bankruptcy as an ordinary debt, and the statement of "the consideration thereof" in making proof of the claim does not seem to have made reference to anything which would indicate that the debt was of a fiduciary character. Bankruptcy act, 1898, §57.

In *Austin* v. *Markham*, 44 *Ga.* 161, it was held that "A promise to pay a debt due by an applicant to be declared a bankrupt, in consideration that the payee will withdraw his objections in the bankruptcy court to the discharge of the bankrupt, is illegal and void, and no action can be sustained on such promise." See also *Burgess* v. *Simpson Grocery Co.*, 128 *Ga.* 423 (57 S. E. 717); *Brown & Franklin* v. *Everett-Ridley-Ragan Co.*, 111 *Ga.* 404 (36 S. E. 813). In Breck v. Cole, 4 Sandf. (N. Y.) 79, a promissory note secretly given to the plaintiff, in addition to the composition notes, as an inducement to sign, was held void. In Morrison v. Schlesinger, 10 Ind. App. 665 (38 N. E. 493), an assignment was made by a debtor for the benefit of creditors, and a composition with the creditors arranged. One creditor, without the knowledge of the others who were unsecured, procured, in consideration that he should sign the composition, a guaranty securing his existing claim and providing for future credit. It was held that such a guaranty was unenforcible, both as to existing and subsequent indebtedness, and that the debtor himself might set up this as a defense to an action brought thereon. In Willis v. Morris, 63 Tex. 458 (51 Am. R. 655), it was held that where a debtor had procured a composition from all his creditors, a note secretly given by him to one of them, for the balance of his debt, to induce him to join, was void, and could not be enforced. In Russell v. Rogers, 10 Wend. 479 (25 Am. D. 574), Nelson, J., said that "any security taken for an amount beyond the composition agreed upon, or even for that sum,

better than that which is common to all, if unknown at the time to the other creditors, is void and inoperative." See also note to Bank of Commerce v. Hoeber, 88 Mo. 37 (57 Am. St. R. 369); In re•Chaplin (D. C.), 8 Am. B. R., 121, 115 Fed. 162; Bachelder & Lincoln Co. .v. Whitmore, 122 Fed. 355 (58 C. C. A. 517); 6 Am. & Eng. Enc. Law (2d ed.), 395.

"If the consideration be good in part and void in part, the promise will be sustained or not, according as it is entire or severable, as hereinafter prescribed. But if the consideration be illegal in whole or in part, the whole promise fails." Civil Code of 1895, § 3662.

If the consideration of the note was illegal, dating it as of a later date or leaving it with an agreed person, to be held and delivered after the composition and consequent discharge, would not change the result. It is therefore unnecessary to discuss the question of the time when a promissory note takes effect—whether from the date of its signing or from the date of its delivery, or whether the doctrine of delivery in escrow and treating the final delivery as relating back to the date of the deposit applies to a note. Nor, in view of the facts of this case, is a question involved as to whether the doctrine of a bona fide purchaser of a negotiable note before due and without notice could have any application, under the stringent terms of the bankrupt act of 1898.

It was earnestly urged by counsel for defendant in error that courts are not inclined to aid one who sets up illegality in his own conduct. But where a suit is brought, the law allows the defendant to set up such defense as is here made, and, if it is sustained by the evidence, to prevent a recovery, not as a matter of aiding him, but as a matter upholding the mandates of the law.

It may be doubted whether, under the evidence as it appears in this record, a recovery by the plaintiff could be allowed to stand, had the case been submitted without error in the charge. But, as it was made practically to turn on a single question, and the important issue above discussed was not submitted to the jury or passed upon by them, we deem it best to remand the case for a new trial, without ruling distinctly upon the evidence.

*Judgment reversed. All the Justices concur.*