KILBURN *v.* MECHANICS LOAN & SAVINGS COMPANY.

No. 9060.   JULY 15, 1932.

*Ezra E. Phillips,* for plaintiff.   *Burress & Dillard,* for defendant.

GILBERT, J.   R. L. Kilburn sought injunction to restrain Mechanics Loan & Savings Co. from causing process of garnishment to be served upon his employer, and prayed also that three judgments obtained by Mechanics Loan & Savings Co. in the municipal court of Atlanta against Kilburn be declared null and void, and canceled of record; that garnishments instituted against petitioner be declared void; that if the court should hold that the municipal court judgments could not be collaterally attacked, then that enforcement of such judgments and the institution of successive garnishments be enjoined until motions to set them aside in the municipal court could be determined; and for general relief.   The causes alleged as a basis for the relief sought are that Mechanics Loan & Savings Co. brought two suits against Kilburn in the municipal court of Atlanta.   In one of them judgment was for the plaintiff, while in the other the judgment was for Kilburn.   Motions for new trial were filed in both cases.   At this time Kilburn

was in bankruptcy. Mechanics Loan & Savings Co. threatened that unless he would permit it to take judgments in each of said cases, and unless he would thereafter execute notes embracing such judgments, with a small additional amount of money to be advanced to him, the Loan & Savings Co. would interpose objections to the application of Kilburn for a discharge in bankruptcy, on the grounds that he had perpetrated a fraud in that he made to the Loan & Savings Co. "materially false statements in writing respecting his financial condition in order to induce it to make loans of money" to him, and, in order to avoid the making of such objection to his discharge, Kilburn consented to the taking of the judgments and thereafter made his note for $555.10. The Loan & Savings Co. sued Kilburn on this note. When Kilburn went to see them concerning the matter, which was prior to the time for filing defense, he was informed that the suit was brought through mistake, that it would be dismissed, and that he need not pay any further attention to it; and by these statements he was lulled into security and gave the matter no further attention. Instead of dismissing the suit, the Loan & Savings Co. fraudulently proceeded to judgment and caused garnishment to be issued thereon.

The general demurrer of the defendant, on the grounds that the petition failed to state a cause of action or any ground for the relief prayed, and showed that the petitioner had an adequate remedy at law, was sustained and the petition was dismissed. The petitioner excepted. His insistence is that the giving of the note in order to avoid the threatened objection to his discharge in bankruptcy was void, because contrary to public policy; that this constituted a good defense to the suit on the note, of which he was deprived by the fraud of the Loan & Savings Company in representing to him that the suit would be dismissed.

■ The petition alleges that the defendant company threatened to object to the discharge of petitioner in bankruptcy "on the grounds that petitioner . . had . . made to the defendant herein materially false statements in writing respecting [his] financial condition, in order to induce defendant herein to make loans of money to petitioner." Nowhere in the petition is it alleged that this contention is unfounded, nor is the contention denied. The petition must be construed most strongly against the pleader. Accordingly the petitioner admits the truth of the contention of the de-

fendant to the effect that Kilburn obtained the money loaned to him by false representation as to his financial condition. Under § 17(2) of the national bankruptcy act, a discharge in bankruptcy will not release the bankrupt from such debt. The debt due to the defendant company was not dischargeable in bankruptcy, and the note sued upon is based upon a valid consideration and is not in violation of the national bankruptcy act § 3(a), which prohibits one, while insolvent, from transferring any portion of his property to one or more of his creditors with intent to prefer such creditors over other creditors.

In *Moore* v. *Trounsline,* 126 *Ga.* 116 (54 S. E. 810, 7 Ann. Cas. 971), it was held: "A promise by a debtor to pay a previously existing debt to his creditor, made after the former's adjudication as a bankrupt but before his discharge, will not be impaired by the subsequently acquired discharge." In the opinion this court said: "It has been very generally held that the new promise may be made any time after adjudication of bankruptcy, before or after discharge. Brandenburg on Bankruptcy, § 391; 16 Am. & Eng. Enc. Law (2d ed.), 790, note; 5 Cyc. 409, and cases cited. The discharge of the bankrupt relates back to the adjudication of bankruptcy, and a promise by a bankrupt to pay a debt provable in bankruptcy renews the debt. In *Anderson* v. *Clark,* 70 *Ga.* 362, the defendant pleaded that he had been adjudicated a bankrupt, and prayed a stay of proceedings, but subsequently withdrew the plea and confessed judgment; and the court held that such conduct amounted to a new promise to pay and an agreement that the judgment should bind him, and precluded him in a subsequent suit on the judgment from making the defense of bankruptcy. The principle of this case was also recognized in *Steadman* v. *Lee,* 61 *Ga.* 58, *Howell* v. *Glover,* 65 *Ga.* 468, and in *Adams* v. *Dickson,* 72 *Ga.* 846." In the opinion *Ross* v. *Jordan,* 62 *Ga.* 298, and *Thornton* v. *Nichols,* 119 *Ga.* 50 (45 S. E. 785), were explained. The ruling made in *Moore* v. *Trounstine* was followed in *Dicks* v. *Andrews,* 132 *Ga.* 601 (64 S. E. 788, 16 Ann. Cas. 1070). In the present case the new note sued upon was given after bankruptcy and before discharge. Moreover, under the allegations of the petition, the debt for which the note was given was not dischargeable in bankruptcy; therefore the case falls within the ruling made in *Moore* v. *Trounstine* and *Dicks* v. *Andrews.* In the latter case the court discussed

the decision rendered in *Austin* v. *Markham,* 44 *Ga.* 161 (3), where it was held: "A promise to pay a debt due an applicant to be declared a bankrupt, in consideration that the payee will withdraw his objections in the bankrupt court to the discharge of the bankrupt, is illegal and void, and no action can be sustained on such promise." And also *Brown* v. *Everett-Ridley-Ragan Co.,* 111 *Ga.* 404 (36 S. E. 813), which followed the *Austin* case. The last two cases were dealing with proveable and dischargeable debts, and under the facts the debtor was undertaking to give a preference to one creditor as against others, contrary to the national bankruptcy act. The fact that the note sued upon in this case was given in consideration that the loan company would not object to the discharge of the debtor, and not as a preference prohibited by the bankruptcy act, furnishes no reason why the progress of the suit on the note should be enjoined.

█ While the suit on the new indebtedness evidenced by the new promissory note was pending in the municipal court the maker was informed by the loan company that the suit was instituted by mistake and that it would be dismissed. The maker, acting upon this advice, paid no further attention to the suit. The loan company disregarded the advice so given, and took judgment on the note. Under the ruling made above, the petition does not set up any reason for a writ of injunction. Conceding that petitioner was misled and misinformed, as alleged, such conduct on the part of the loan company could not in any way injure the petitioner, since he sets up no valid defense to the pending suit on the note.

A large number of cases may be cited, holding that a court of equity will set aside a judgment procured by fraud, whether the fraud is committed on the court or on the opposite side. An instance would be where the opposite party or his counsel was kept away from court by reason of some sort of valid agreement based upon a valid consideration of mutual benefits, which the promisor had no intention to and did not perform. As an example of such cases see *Hemphill* v. *Ruckersville Bank,* 3 *Ga.* 435, 442; *Markham* v. *Angier,* 57 *Ga.* 44; *Beverly* v. *Flesenthall,* 142 *Ga.* 834, 837 (83 S. E. 942). This list is not exhaustive, but it is sufficient for purposes of illustration. All of these cases and like cases, however, were cases wherein the defendant had a good defense to the action and where he was fraudulently induced to withdraw his de-

fense or not to file one, where he was misled and defrauded by an offer of some benefit to be derived by so doing.

■ The third headnote does not require elaboration.

<em>Judgment affirmed. All the Justices concur.</em>