*Neely, Marshall & Greene,* for defendants.

26305, 26306. KAPLAN *v.* INTERNATIONAL SHOE COMPANY.

STEPHENS, P. J. "A promise by a debtor to pay a previously existing debt to his creditor, made after the former's adjudication as a bankrupt but before his discharge, would not be impaired by the subsequently acquired discharge." *Moore* v. *Trounstine,* 126 *Ga.* 116 (54 S. E. 810). Where, after a stay of proceedings on the ground that the defendant had been adjudicated a bankrupt, the defendant consented to the rendition of a judgment against him in consideration of the dismissal by the plaintiff of objections, pending in the bankruptcy court, to the defendant's discharge in bankruptcy, the defendant's consent to the rendition of the judgment constituted a promise to pay the debt, which promise was not impaired by the defendant's subsequently acquired discharge in bankruptcy. *Anderson* v. *Clark,* 70 *Ga.* 362; *Kilburn* v. *Mechanics Loan & Savings Co.,* 175 *Ga.* 146 (165 S. E. 76). Where, after the defendant had obtained a stay of the proceedings on the ground that he had been adjudicated a bankrupt, and had consented to the rendition of a judgment against him in consideration of the plaintiff's dismissal of pending proceedings in the bankruptcy court objecting to the defendant's discharge in bankruptcy on the ground that the debt sued on was not dischargeable in bankruptcy because it was for goods which had been sold by the plaintiff to the defendant as a result of the defendant's fraud, etc., the court did not, after the defendant had obtained a discharge in bankruptcy, err in denying the

718

defendant's motion for a perpetual stay of the judgment on the ground, as contended, that the debt was dischargeable in bankruptcy.

*Judgments affirmed. Sutton and Felton, JJ., concur.*

DECIDED NOVEMBER 13, 1937.

*W. R. Hewlett, Louis S. Cohen,* for plaintiff in error.
*Little, Powell, Reid & Goldstein,* contra.